## No. 158.

### THE STATE OF LOUISIANA VS. WILLIAM NICHOLLS.

*An indictment charging burglary and larceny in a single count is not bad for duplicity.*

*A verdict of "guilty of burglary and larceny" is equivalent to a verdict of "guilty as charged in the indictment," and is good as a verdict of burglary in the particular manner charged. Had the verdict been for larceny alone, or had the sentence imposed penalties for both offenses, different questions might arise.*

APPEAL from the First District Court, Parish of Caddo.
*Hicks*, J.

*M. S. Crain*, District Attorney, for the State, Appellee.
*E. Randolph* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The indictment in this case charged the prisoner with burglary and larceny in a single count. The jury returned a verdict of "guilty of burglary and larceny." The Judge sentenced the prisoner to pay a fine of one dollar and to imprisonment in the penitentiary for three years. Counsel for accused asked the Court to instruct the jury that "they might return a verdict of burglary but not of larceny," which the Court refused to give. After verdict a motion in arrest was made on the ground of duplicity in the indictment, and on the further ground "that the verdict is not responsive to the indictment, under which a verdict for burglary alone could have been rendered," which motion was overruled.

These are the errors assigned, and on which we have to pass.

The objection to the indictment on the ground of duplicity is clearly untenable under the authorities. Bishop Cr. Proc., Sec. 439; Bishop Cr. Law, Sec. 1062; Wharton Cr. Law, Secs. 1615, 560–5, 617; State vs. Brown, 35 Ann. 1059; State vs. Johnson, 34 Ann. 49; State vs. Depass, 31 Ann. 489.

As to the instruction asked that "the jury might convict of burglary but not of larceny," its refusal might have raised a nice question if the verdict had denied the burglary and convicted of larceny alone. Mr. Wharton says: "If the prisoner be charged that he feloniously and burglariously broke and entered the dwelling-house of J. S., and then and there certain goods of J. S. feloniously and burglariously did steal, etc., the indictment comprises two offenses, namely, burglary and larceny; and therefore he may be acquitted of the burglary if the case be so upon the evidence, and found guilty only of the larceny." Wharton Cr. L., Sec. 1615.

Mr. Bishop, on the contrary, holds that, in order to convict of larceny alone, it must be laid in a separate count; and that, "if a single

count of the indictment charges him with breaking, entering and stealing, the offense charged is single, being burglary committed in a particular manner." Bishop Cr. L., 1062.

But it is not necessary to decide this question in this case, because the verdict convicts of the burglary. Even under Bishop's doctrine, an indictment charging burglary and larceny in a single count is good as a charge of " burglary in a particular manner;" and, by parity of reasoning, a verdict for burglary and larceny is a good verdict for " burglary in a particular manner"—indeed, here it is quite equivalent to a. verdict of "guilty as charged in the indictment."

The sentence of the Court was single and inflicted a penalty entirely appropriate to the crime of burglary alone.

We, therefore, think the verdict responsive to the indictment, and that defendant's rights were not affected by the refusal of the instructions asked, whether such refusal was error or not, which we do not find it necessary presently to determine.

Judgment affirmed.