(37 South. 776.)

No. 15,456.

STATE ex rel. HART v. HICKS, Judge.

(Dec. 19, 1904. On Rehearing, Jan. 16, 1905.)

CRIMINAL LAW—CERTIORARI—REVIEW—PROSE-
CUTION—AFFIDAVIT.

1. Under a writ of certiorari, after a final judgment has been rendered in the case, issues of a grave character may be reviewed, such as those arising from want of jurisdiction, or because a sentence is imposed in excess of the limit laid down in the statute.

2. Affidavit is made by statute the basis of a prosecution before the city court of the city of Shreveport.

3. The defendant was charged by affidavit with the violation of Act No. 118, p. 181, of 1888.

4. To the extent that a verdict was found, the proceedings present no ground for review on appeal.

5. It is otherwise as relates to the sentence, as it is in excess of the statutory limit.

6. Act No. 118, p. 181, of 1888, as relates to penalty, is repealed by Act No. 107, p. 161, of 1902.

7. There is difference in grading offenses in criminal cases from grading in civil cases. In the former the measure of punishment may be considered as sufficiently grading the offense.

In that view, the last statute is legal, and repeals the former, as relates to the penalty to be imposed.

The latter act, as relates to the offense, is illustrative, and not exclusive, to the extent of repealing other acts on the same subject-matter.

(Syllabus by the Court.)

Application by the state, on the relation of H. S. Hart, for writ of certiorari to Cal D. Hicks, judge of the city court of Shreveport. Sentence of city court annulled.

Hall & Jack, for relator. Respondent judge, pro se.

BREAUX, C. J. Relator, who was defendant in the city court of Shreveport, asks this court to render a decree annulling a sentence of the city court condemning him to pay a fine of $1,000 and costs, and, in default of payment, to two years' labor on the public road.

He was tried and convicted in the city court on an affidavit charging that he had, "without probable cause," sent "an insulting note containing an indecent proposal to a young woman of good repute (whose name, for obvious reasons, is withheld), with intent to bring her into public contempt, and subject her to ridicule, injury, and damage."

He was tried and convicted on July 2, 1904. He appealed to the district court, and his appeal was dismissed, on the ground that the acts under which the appeal was taken were unconstitutional. He then applied to this court by mandamus for a decree setting aside the judgment of the district court. This court sustained the district court in its ruling regarding the unconstitutionality of

the acts in question, and refused to issue the mandamus.

The only issue raised was whether the case originally was appealable to the district court or to the Supreme Court. No other issue was presented, and no other issue was considered. State ex rel. Hart v. Judge (No. 15,388) 37 South. 546, ante, p. 654.

The delays for an appeal in the case before us for decision have elapsed.

The issues are whether a writ of certiorari will lie in this case, and whether the sentence is legal.

It is proper to state, in the first place, the certiorari will issue after conviction only for the gravest cause. The defendant in the case before us has no other remedy left.

The following excerpt is from Wood on Mandamus:

"At common law a writ of certiorari is the proper remedy upon which to correct the errors of all inferior tribunals, where they have exceeded their jurisdiction or proceeded illegally, and there was no appeal or other mode of reviewing or correcting their proceedings." Citing a number of decisions in support of the rule (page 207).

If the party has lost his right of appeal by negligence, and has, owing to his neglect, lost his remedy, the writ, it has been held, will be denied. If there was a mistake in matter of the court to which the case was appealable originally, it was in accepting the statute upon which the appeal was based as legal—a mistake which can scarcely be laid at the door of counsel or the court a qua.

If there was error committed in the case now before us for decision, it is patent on the face of the papers, for "a sentence in excess of the term fixed by law will be reversed on certiorari." Id. p. 212.

The error urged here is that the sentence exceeded the amount fixed by statute.

The following quotation from the same commentator is also very much in point:

"Before granting the writ, the court should be satisfied that it is essential to prevent some substantial injury or great injustice."

The prosecution upon affidavit is authorized by the special statute.

This affidavit was drawn under the terms of the statute making the slandering or defamation of persons of good repute a misdemeanor. Act No. 118, p. 181, of 1888, is the statute the court a qua states, under which the prosecution was instituted.

The record does not inform us of the range of the examination of witnesses. No bill of exception was reserved to the court's ruling, if any was made during the trial. No motion to quash nor demurrer was filed. As relates to law points that may have arisen during the trial, the record is a mere blank.

The court will not assume that the testimony did not justify the trial court's finding of guilty, unless it is manifest that the affidavit or indictment under which he was prosecuted was null. Taking the statute and the affidavit as one, and considering them as one, we have not found the nullity.

This brings us to the serious and important ground of the case, viz., defendant's plea that Act No. 118, p. 181, of 1888, was repealed by Act No. 107, p. 161, of 1902. This last-cited act makes the slandering or defamation of persons of good repute a misdemeanor, and Act No. 118, p. 181, of 1888, also relates to slander and defamation.

Act No. 107, p. 161, of 1902, reduces the maximum penalty to a fine not exceeding $100, or imprisonment not more than three months, for all offenses denounced by the last-mentioned act, as well as for all acts denounced in Act No. 118, p. 181, of 1888.

It is contended by respondent that Act No. 107, p. 161, of 1902, fails of its purpose, in that it purports to grade offenses, but that it does not accomplish any such purpose.

There is difference between grading offenses in criminal cases and grading licenses in civil cases. They are respectively graded in accordance with different articles of the Constitution (155 and 229). In criminal cases it is the measure of punishment, and the

consequence growing out of the conviction and sentence, that must be looked to in determining the grade of the crime. Slander and assault are different grades of misdemeanors.

In grading these offenses the necessity does not arise of grading each offense.

Slander is an offense in itself, and, when considered with reference to other offenses and crimes, it is considered graded as slander, in the category of crimes. People v. Rawson, 61 Barb. (N. Y.) 631.

Slander is a rank or grade forming part, as offense of a particular grade among the different misdemeanors denounced.

All slanders or defamations form one grade or rank, and from that point of view the punishment is limited by Act No. 107, p. 161, of 1902.

Slandering has no degree, grade, or rank. It is not divisible except as before stated.

We deem it proper to state here, before concluding, that we have held that an attempt made to grade a felony with a misdemeanor would not hold. That was the full extent of the decision, and therefore it has no application here. State v. Dalcourt, 112 La. 420, 36 South. 479. Therefore the cited decision has no bearing.

All the acts denounced in Act No. 118, p. 181, of 1888, and those denounced in Act No. 107, p. 161, of 1902, constitute one grade or rank of offenses.

Misdemeanors may be classed or graded by including in one grade or rank any one of the different offenses; that is, not divisible into grades.

It is therefore ordered, adjudged, and decreed that the verdict of guilty remain as it is; and it is further ordered, adjudged, and decreed that the sentence of the city court is null, and is avoided, annulled, and reversed.

It is further ordered, adjudged, and decreed that the judge of the court a qua cause the defendant to appear before him to be sentenced, and that he (the said defendant) be sentenced under the terms of Act No. 107, p. 161, of 1902.

## On Application for Rehearing.

PROVOSTY, J. The decree of this court is asked to be amended so as to reserve to the defendant his right to appeal to the district court after sentence. There is nothing in the decree affecting such right one way or the other, and hence no amendment is necessary.

Rehearing refused.