BREAUX, C. J.
We will, in the first place, take up the application for a writ of habeas •corpus.
The case is not an appealable one. This court has jurisdiction to entertain such an application where it may have appellate jurisdiction. Article 93 of the Constitution.
This article has been interpreted to mean just what it says, and it follows that, in that view, this court is without jurisdiction touching habeas corpus.
Touching the other writs, the first ground in support of the application is that the mittimus or commitment is not signed by the judge of the district court. It seems that it was signed by the minute clerk.
No copy of the mittimus was annexed, although it was alleged in the petition of the relator that a copy is annexed.
Moreover, this objection has no merit, for the clerk is authorized to sign the mittimus in the name of the district judge.
This mittimus or commitment not having been annexed, we are not sufficiently informed to determine to what extent it was informal. In the absence of all copy, we infer that it was in the usual form, and that it conveyed to the sheriff all that'it was needful for him to know in order to take charge of the relator.
The relator next in order urges in his petition that the five indictments or counts are a joinder of five separate and distinct offenses of the same sort, committed on five different days, although these asserted separate offenses, relator contends, constitute one offense.
The petition does not show that the publication was one single act.
Libel is not a continuing offense.
Here it was charged to have been committed on certain specified days. Each day that the asserted libel was committed marked a separate offense, and for two of these separate offenses the defendant was found guilty.
If it was otherwise, we do not so infer from the petition.
Relator complains, as we understand, of successive convictions for one offense.
*744 With reference to successive conviction we will state in passing that the second conviction commences at the expiration of the first sentence.
The second conviction did not have the effect of rendering the first illegal.
It is legal, and the relator will have to remain until the end of it.
If he has any right at all it will be at the end of the first sentence. We must say that we are not inclined to the view that he has any right to release, if no further showing be made of grounds than contained in the petition now before us.
The relator has not made it appear that he has been punished twice for the same offense.
In State ex rel. Hart v. Hicks, 113 La. 845, 37 South. 776, this court held, as shown by the syllabus, that, under a writ of certiorari, after a final judgment has been rendered, issues of a grave character may be reviewed. A relator should make a prima facie show1-ing sufficient to enable the court to determine that error has been committed of a character to require a review.
His petition is dismissed, and his demand is not granted. ;