PROVOSTY, J.
The defendant and relator was convicted of assault and battery in the city court of the city of Baton Rouge, and sentenced to a fine of $25, or 20 days in jail. He applies to this court for writs of certiorari and prohibition, alleging that these writs should issue, as the case is not appealable. The usual order nisi was made, and the respondent judge has answered that the defendant had a right of appeal to the district court of the parish of Baton Rouge, and that therefore the writs asked for should not issue.
The legislative acts creating said city court, which are the legislative charter of the city of Baton Rouge and the acts amendatory thereof, namely, Acts 169 of 898, 156 of 1906, and 161 of 1910, do give such right of appeal to the district court; but the defendant and relator contends that the said acts are in that respect unconstitutional, and that this court has so held in the case of State ex rel. Hart v. Judge, 113 La. 654, 37 South. 546, involving precisely the same question in connection with the charter of Shrevejjort.
This court has never so held. In this Hart Case a fine of $1,000 had been imposed, and the defendant had appealed to the district court, and was seeking to have an appeal to the Supreme Court from the judgment of the district court. This court held that, in a case where a fine exceeding $300 has been imposed, the appeal must be to the Supreme Court, and direct from the trial court to the Supreme Court, not through the channel of the district court. That the scope of that decision was no broader than this was expressly stated by this court when the case came up a second time, in State ex rel. Hart v. Hicks, Judge, 113 La. 845, 37 South. 776, where, referring to what had been decided on the first appeal in the case, this court said:
“The sole issue was whether the case originally was appealable to the district court or *758 to the Supreme Court. No other issue was presented, and no other issue was considered.”
We are of opinion that the Legislature has authority under the Constitution to allow an appeal from the city court to the district court in criminal cases not appealable to tlm Supreme Court. Express authority is granted to the Legislature by article 96, Const, to abolish justice of the peace courts, and to create “in their stead” city courts; and by article 126, Const, the Legislature is granted authority to confer jurisdiction upon justice of the peace courts to try misdemeanors, “with the right of appeal to the district court in all cases not appealable to the Supreme Court.”
By adopting the act whose constitutionality is now assailed, the Legislature has interpreted that constitutional provision as meaning that where the justice of the peace court is abolished, and a city court is created in its stead, the same right of appeal which could have been granted from the justice of the peace court may be granted from the city court. That interpretation is perhaps not free from doubt; but the Legislature has adopted it and acted upon it, and the courts will not declare the action of the Legislature unconstitutional in a doubtful case.
The present application is therefore dismissed. Defendant and relator to pay all costs.