fices of justice of the peace and constable in ward 4, Caddo parish, containing the city of Shreveport, and creates, in their stead, the city court of the city of Shreveport, upon which it confers jurisdiction (inter alia) "of violations of the ordinances of the city of Shreveport, and of the ordinances of the police jury of the parish of Caddo within the limits of said ward."

[3] That the court thus specially charged with jurisdiction of offenses against the ordinances of a particular municipality or political subdivision may take judicial notice of the existence of such ordinances is the generally accepted doctrine. State ex rel. Cotonio v. Judge, 105 La. 762, 30 South. 105; 16 Cyc. 898; 17 A. & E. Enc. of Law, 937; Dillon on Mun. Corp. (4th Ed.) vol. 1, § 413. In 17 A. & E. Enc. of Law, supra, it is said:

"But, while courts of general jurisdiction do not notice municipal ordinances, a city court will so recognize them, because it stands in the same attitude towards the municipal laws of the city that a state court occupies with reference to the public laws of the state."

And the same thing may be said of a city court, in its relation to the ordinances of the police jury of a parish, where it is specially vested with jurisdiction of offenses against such ordinances committed within the limits of the city, as one of the wards of the parish. It is therefore ordered and adjudged that, as to the conviction and sentence under the city ordinance, the appeal be dismissed; and, as to the conviction and sentence under the state law, the same be affirmed.

═══════

(65 South. 240)

No. 20548.

STATE v. FULCO.

CITY OF SHREVEPORT v. SAME.

(April 27, 1914. Rehearing Denied May 25, 1914.)

Appeal from City Court of Shreveport; L. C. Blanchard, Judge.

Action by the State of Louisiana and the City of Shreveport against Frank Fulco. From a judgment of conviction, Fulco appeals. Appeal from a conviction under the city ordinance dismissed, and conviction under the state law affirmed.

Scheen & Blanchard, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for appellees.

MONROE, C. J. The questions presented in this case are the same as those presented in the case of State of Louisiana v. Sam Fulco and City of Shreveport v. Sam Fulco, 65 South. 239,[1] this day decided; and, for the reasons assigned in that case, the appeal herein taken from the conviction and sentence under the city ordinance is dismissed, and the conviction and sentence under the state law are affirmed.

═══════

(65 South. 240)

No. 20549.

STATE v. GULLO.

CITY OF SHREVEPORT v. SAME.

(April 27, 1914. Rehearing Denied May 25, 1914.)

Appeal from City Court of Shreveport; L. C. Blanchard, Judge.

Sam Gullo was convicted of violating an ordinance of the city of Shreveport, and he appeals. Affirmed.

Scheen & Blanchard, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for appellees.

MONROE, C. J. The questions presented in this case are the same as those presented in the case of State of Louisiana v. Sam Fulco and City of Shreveport v. Sam Fulco, 65 South. 239,[1] this day decided; and, for the reasons assigned in that case, the appeal herein taken from the conviction and sentence under the city ordinance is dismissed, and the conviction and sentence under the state law are affirmed.

═══════

(65 South. 263)

No. 19980.

ROMERO et al. v. ROMERO.

(April 27, 1914. Rehearing Denied May 25, 1914.)

(Syllabus by the Court.)

1. EXECUTORS AND ADMINISTRATORS (§ 20*)— APPOINTMENT — CONFIRMATION — PRESUMPTIONS.

    Where the probate record shows a preliminary order for an inventory, and for notice by

───────────
[1] Ante, p. 269.