Statement of the Case.
MONROE, C. J.
Defendant was prosecuted in the city court of the city of Shreveport upon two affidavits, the one charging him With having unlawfully retailed intoxicating liquors without haying obtained a license from the police jury of Caddo parish, “contrary to the form of the statute of the state,” etc., and the other charging the unlawful retailing, etc., “without first having obtained a license from the municipal authorities of the city of Shreveport, in violation of the ordinances of the city of Shreveport,” and he was convicted on both charges. Upon the charge first mentioned he was sentenced to pay a fine of $500, or suffer imprisonment for six months. Upon the charge last mentioned he was sentenced to pay a fine of $100 or suffer imprisonment for 100 days. He has appealed from both sentences, and, by means of a bill of exception to the overruling of a motion for new trial, presents the following matter for consideration, to wit: That the state failed to prove, or offer to prove, that the defendant did not have a license for the retailing of intoxicating liquors from the parish or municipal authorities, or that such licences were not issued by those authorities, or that there is any ordinance of *272 the police jury of the parish showing that such licenses are withheld by reason of a vote of the electors of the parish, in the exercise of the option to determine whether licenses should be issued for the sale of intoxicating liquor in the parish.
The trial judge concedes that no evidence was offered to show that defendant had not obtained a license, or that the police jury had adopted an ordinance withholding the issuance of licenses of that character, or an ordinance declaring the result of any election requiring such action, but he alleges that, “as a matter of law,” he took judicial notice of the existence of such ordinances. Defendant, by an assignment of error, presents the additional point that, though the alleged offense was separately charged as a violation of the state law and of the municipal ordinance, and though there were two sentences imposed, there was but, one trial; whereas there should have been a separate trial on each charge.
Opinion.
[1] Considering the points relied on in inverse order, as compared with the manner in which they have been stated, we find no merit in the contention that there should have been two trials. It is conceded that a person may be prosecuted for the same offense under a state statute and also under a municipal ordinance, and we know of no reason why the prosecutions may not be conducted at the same time, the more particularly where no objection is made, since the evidence to be adduced relates to the same act, charged as a violation of both the statute and the ordinance. Counsel say, in their brief:
“We find but one plea and one trial, and, although one plea and one trial, the accused is convicted of both offenses.”
But the statement is not sustained by the record, from which it appears that there were two charges, and an arraignment, plea, conviction, sentence, and appeal on and from each of them.
[2] With reference to one of the appeals, we are confronted with a question of jurisdiction, to wit:
Act No. 29 of 1900 declares that:
“Persons sentenced to a fine or imprisonment by said city court [referring to the city court of the city of Shreveport] shall be entitled to an appeal to the district court, * * * and in such cases trial shall be de novo and without juries.”
But, in State ex rel. Hart v. Judge, 113 La. 654, 37 South. 546, where it appeared that relator had been sentenced by the city court to pay a fine of $1,000 or work for two years on the public roads, this court, construing article 111 of the Constitution with article 85, held that, in all criminal cases in which “a fine exceeding $300 or imprisonment exceeding six months is actually imposed,” the appeal must be brought to this court, and that ruling has been repeatedly elucidated and affirmed. State ex rel. Hart v. Judge, 113 La. 847, 37 South. 776; Town of Many v. Franklin, 115 La. 638, 39 South. 740; State v. Melies, 117 La. 656, 42 South. 199; State v. Winfield, 127 La. 755, 53 South. 980.
On the other hand, the jurisdiction conferred upon the district courts by article 111 of the Constitution and Acts Nos. 27 and 29 of 1900 includes all appeals from city courts where such jurisdiction is not conferred by article 85 of the Constitution on this court, and this court has no jurisdiction of an appeal in a criminal case, where the fine imposed is less than $300 or the imprisonment less than six months. From which it follows that the appeal from the judgment in the prosecution under the city ordinance, in which the defendant was sentenced to pay a fine of $100 or suffer imprisonment for 100 days, must be dismissed for want of jurisdiction in this court.
Considering the appeal from the other conviction, Act No. 103 of 189S abolishes the of- *274 flees of justice of the peace and constable in ward 4, Caddo parish, containing the city of Shreveport, and creates, in their stead, the city court of the city of Shreveport, upon which it confers jurisdiction (inter alia)' “of violations of the ordinances of the city of Shreveport, and of the ordinances of the police jury of the parish of Caddo within the limits of said ward.”
[3] That the court thus specially charged with jurisdiction of offenses against the ordinances of a particular municipality or political subdivision may take judicial notice of the existence of such ordinances is the generally accepted doctrine. State ex rel. Cotonio v. Judge, 105 La. 762, 30 South. 105; 16 Cye. 898; 17 A. & E. Enc. of Law, 937; Dillon on Mun. Corp. (4th Ed.) vol. 1, § 413. In 17 A. & E. Enc. of Law, supra, it is said:
“But, while courts of general jurisdiction do not notice municipal ordinances, a city court will so recognize them, because it stands in the same attitude towards the municipal laws of the city that a state court occupies with reference to the public laws of the state.”
And the same thing may be said of a city court, in its relation to the ordinances of the police jury of a parish, where it is specially vested with jurisdiction of offenses against such ordinances committed within the limits of the city, as one of the wards of the parish. It is therefore ordered and adjudged that, as to the conviction and sentence under the city ordinance, the appeal be dismissed; and, as to the conviction and sentence under the state law, the same be affirmed.