MONROE, C. J.
Defendant was charged before the city court of Shreveport, with having retailed intoxicating liquors, without first having obtained a license from the police jury of Caddo parish, and, having been convicted and sentenced to pay a fine of $400, prosecutes this appeal from that sentence.
The only bill of exception which the record discloses was reserved to the refusal of the judge a quo to grant a new trial, and contains the following recitals (stated in substance) to wit:
That defendant called to the stand Ben Bernstein, who testified that he signed the affidavit upon which the prosecution is based, and that he was not sworn at that time, wherefore defendant prays for an acquittal, on the ground that prosecutions, for misdemeanors, in the city court, must be by affidavits; that Bernstein was not the district attorney, but only the desk clerk of the Shreveport police department; that the charge in this case reads, “City of Shreveport v. Jacie Williams Bennett, No. 143 — Docket of the City Court — City of Shreveport, Louisiana” ; that, under that charge defendant was convicted and sentenced to pay $400 to the state and $100 to the city of Shreveport; that the judgment is illegal, in that defendant could only have been convicted under the charge made by the city, and hence that the conviction under which she is condemned to pay $400 to the state is void. The judge adds the following as his reason for overruling the demurrer:
“That the witness, Ben Bernstein, while not * * * sworn at the time of making said affidavit, was sworn to same before actual arraignment of defendant, it being the practice of the city court to let the desk clerk make out all affidavits, as parties are arrested, and swear to all, at once, immediately before court, each day. * * * That, while one affidavit did read, ‘City of Shreveport v. Jacie Williams Bennett,’ there was another affidavit which read ‘State of Louisiana v. Jacie Williams Bennett,’ both charges being for selling liquor without a license, etc.; defendant being tried on both affidavits at the same time,” etc.
[1] The objection that the affidavit was not made at the time that it was signed came too late after defendant had been tried and convicted on a specific criminal charge. State v. Taylor, 37 La. Ann. 40; State v. Summerlin, 116 La. 455, 40 South. 792.
[2] 2. In State v. Fulco, 135 La. 269, 65 South. 239, it was said by this court:
“It is conceded that a person may be prosecuted for the same offense under a state statute and also under a municipal ordinance, and we know of no reason why the prosecutions may not be conducted at the same time, the more particularly where no objection is made, since the evidence to be adduced relates to the same act, charged as a violation of both the statute and the ordinance. Counsel say, in their brief:
“ ‘We find but one plea and one trial, and, although one plea and one trial, the accused is convicted of both offenses-.’
“But the statement is not borne out by the record, from which it appears that there were two charges, and an arraignment, plea, conviction, sentence, and appeal on and from each of them.”
And the appeal from the conviction under the city ordinance was dismissed, for want of jurisdiction in this court, whereas, the conviction under the statute was affirmed.
In the instant case, save for the recitals and the statement per curiam, contained in the bill of exceptions, the transcript contains no reference to any other prosecution than that bearing the title “State of Louisiana v. J. O. Williams Bennett,” and the number *337 143, and hence does not sustain the premise (stated in the bill) that the charge in this case reads, “City of Shreveport v. Jacie Williams Bennett, No. 143 — Docket of the City Court — City of Shreveport, Louisiana,” and, the.premise being destroyed, the conclusion goes with it. Sublato fundamento, cadit opus.
Judgment affirmed.