(72 South. 452)

No. 21981.

STATE et al. v. NEJIN.

(June 30, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬥⟞619—TRIAL — JOINDER OF PROSECUTIONS AGAINST SAME DEFENDANT.

As the law does not permit different plaintiffs, suing on different causes of action, to join in a civil suit against the same defendant, neither does it permit different plaintiffs, charging distinct offenses, to join in a criminal prosecution against same defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1376; Dec. Dig. ⬥⟞619; Indictment and Information, Cent. Dig. § 402.]

2. CRIMINAL LAW ⬥⟞620(1)—TRIAL—JOINDER OF PROSECUTIONS AGAINST SAME DEFENDANT.

When a defendant is prosecuted for the same act, separately charged, as constituting distinct offenses against a state law and a municipal ordinance, though the testimony, being equally applicable to both, may be heard, when no objection is made, at one and the same time for the purposes of both charges, it is obviously a legal impossibility to consolidate two criminal prosecutions for distinct offenses, even though arising from same act, which are cognizable on appeal in different courts, and try them as one case, with a single arraignment, plea, and conviction, and a single judgment imposing two sentences.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1376; Dec. Dig. ⬥⟞620(1).]

Appeal from City Court of Shreveport; L. C. Blanchard, Judge.

F. A. Nejin was prosecuted for violation of both state law and ordinance. From a

judgment, he appeals. Annulled and case remanded.

E. P. Mills and Chas. F. Crane, both. of Shreveport, for appellant. A. V. Coco, Atty. Gen., and W. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (V. A. Coco, of Marksville, of counsel), for the State.

MONROE, C. J. Defendant was prosecuted for the same act (operating a blind tiger at a particular time and place), separately charged as constituting distinct offenses, the one against the law of the state and the other against a city ordinance, and he objected to being tried upon both charges at the same time, but the objection was overruled, and the two charges were tried as one case with a single docket number, and but one arraignment, plea, conviction, and sentence, reading as follows (omitting the caption, which is the same as that above given, save that, instead of "No. 21981, Supreme Court," it bears the legend "No. 285, City Court, City of Shreveport, La."), to wit:

"Defendant arraigned and pleads not guilty. Trial had and defendant found guilty and sentenced to pay fine of $500 or serve 6 months and to serve 6 months on the farm of Caddo Parish, for the state, and to pay a fine of $100 or serve 100 days on the streets of the city."

The prosecuting officers now move to dismiss the appeal from so much of the judgment appealed from as purports to impose sentence under the ordinance, on the ground that the court is without jurisdiction ratione materiæ. There is, however, but one judgment and, from one judgment in a case such as this the law contemplates but one appeal. On the other hand, neither the appeal to this court nor an appeal to the district court would enable defendant to obtain a review of the entire judgment, and, as he is entitled to such review, it follows that his objection to the proceeding, whereby the present situation was brought about, was improperly overruled. In other words, as the law does not permit different plaintiffs, suing on different causes of action, to join in a civil suit against the same defendant, neither does it permit different plaintiffs, charging distinct offenses, to join in a criminal prosecution against the same defendant. In State v. Fulco, 135 La. 269, 65 South. 239, to which we have been referred, the defendant, having been similarly prosecuted for the same act, as constituting a distinct offense, under a statute and an ordinance, interposed no objection to being tried on both charges at the same time, but the prosecutions were kept separate in every respect, save that the testimony, which was equally applicable to both, was taken at one and the same time for the purposes of both cases. The opinion in the case reads, in part (page 271 of 135 La., page 239 of 65 South.):

"Counsel say, in their brief: 'We find but one plea and trial, and, although one plea and one trial, the accused is convicted of both offenses.' But the statement is not sustained by the record, from which it appears that there were two charges, and an arraignment, plea, conviction, sentence, and appeal on and from each of them."

In State v. Bennett, 136 La. 334, 67 South. 22, it was said, in behalf of defendant:

"That the charge in this case reads: 'City of Shreveport v. Jacie Williams Bennett, No. 143, Docket of the City Court, City of Shreveport, Louisiana;' * * * that the judgment is illegal, in that defendant could only have been convicted under the charge made by the city and, hence, that the conviction under which she was condemned to pay $400 to the state is void."

The statement per curiam was:

"That while one affidavit did read, 'City of Shreveport v. Jacie Williams Bennett,' there was another affidavit which read, 'State of Louisiana v. Jacie Williams Bennett,' both charges being for selling liquor without license, etc.; defendant being tried on both affidavits at the same time."

In the opinion of this court, it is said:

"In the instant case, save for the recitals and statement per curiam contained in the bill of exceptions, the transcript contains no reference to any other prosecution than that bearing the title, 'State of Louisiana v. Jacie Williams Ben-

nett,' and the number 143, and hence does not sustain the premise (stated in the bill) that the charge in this case reads, 'City of Shreveport v. Jacie Williams Bennett, No. 143, Docket of the City Court, City of Shreveport.'"

In the case thus referred to, as in the case of State v. Fulco, there appears to have been no objection to the taking of the testimony applicable to the one act, constituting both of the offenses charged, at one time and for the purposes of both cases; and, while that course may be pursued when not objected to, or when ordered by the court, and may facilitate trials and save time and expense, it is, obviously, a legal impossibility, even if there be no objection, to consolidate two criminal prosecutions, for distinct offenses, cognizable on appeal, in different courts, and try them as one case, with a single arraignment, plea, and conviction, and a single judgment imposing two sentences. We therefore conclude that the trial judge erred in overruling defendant's motion for separate trials of the charges upon which he is prosecuted and, in view of the peculiar conditions presented, we refrain from dealing with the other questions which have been brought up and argued.

For the reasons thus assigned, the judgment appealed from is annulled, and the case is remanded to be proceeded with according to law and to the views expressed in the foregoing opinion.