**(90 South. 773)**

**No. 25060.**

**STATE v. DESSELLES et al.**

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law &#9756;620(1) — Separate indictment for larceny alone cannot be considered second count of burglary indictment.**

Where two indictments were returned against the same defendants, one charging the burglary of a railroad car with intent to steal certain property, and the other charging larceny of property of the same description, but without alleging it was accompanied by bur-

glary, the larceny indictment cannot be treated for the purpose of trial as the second count of a burglary indictment.

**2. Indictment and information ⚚185—Conviction for larceny accompanied by burglary cannot be based on simple larceny indictment.**

In view of the fact that larceny, unaccompanied with burglary or other crime, is punishable by imprisonment either with or without hard labor, under Rev. St. § 812, and Act No. 107 of 1902, § 5, so as to be triable by a jury of 5, under Const. 1921, art. 7, § 41, or by the judge, depending upon the value of the property stolen, while larceny accompanied with burglary is punishable only by imprisonment with hard labor so as to be triable by a jury of 12, an indictment for larceny should allege it was accompanied by burglary or other crime if that was the fact, and the jury cannot convict of the ungraded crime of petit larceny accompanied with burglary, where the indictment did not contain such allegation.

**3. Indictment and information ⚚125(42)—Burglary and larceny in same transaction can be charged in one count.**

If burglary and larceny have been committed in one transaction, the two crimes may be charged in one count of the indictment, but the indictment will be for burglary only.

**4. Indictment and information ⚚191(2)—Conviction of larceny charged in burglary count is invalid.**

Since burglary is punishable only by imprisonment with hard labor so as to be triable by a jury of 12, under Const. 1921, art. 7, § 41, a charge of larceny in the same count with the charge of burglary is considered only as expressing the intent with which the burglary was committed, and the jury cannot legally convict the defendant of larceny under such indictment.

**5. Indictment and information ⚚191(½)—Jurisdiction to try crime charged gives jurisdiction to convict of included offense.**

A court or jury having jurisdiction to try defendant for the crime charged in an indictment has jurisdiction to convict of a less serious offense, of which, if charged alone, the court or jury would not have jurisdiction, provided all the elements of the less serious crime are essentially included in the crime charged.

**6. Indictment and information ⚚191(2) — Burglary does not include larceny.**

Larceny is not an element of the crime of burglary, or essentially included in the charge of burglary, so that jurisdiction to try an indictment charging burglary does not give jurisdiction to convict of larceny.

**7. Jury ⚚29(5)—Consent of defendants, accused of offense triable by 5, does not validate trial by 12.**

The consent by defendants to consolidation for trial of an indictment charging burglary, which is triable by a jury of 12, with an indictment charging larceny, unaccompanied by burglary, which is triable by a jury of 5, does not give the jury of 12 jurisdiction to try the charge of larceny.

**8. Jury ⚚65 — Tales jury box need not always contain 100 names.**

The law does not require, and it is not practicable, that the tales jury box shall always contain the complement of 100 names of men qualified for jury duty.

**9. Criminal law ⚚730(1)—Prosecutor's argument held cured by court action.**

Defendants were not harmed by remarks made by the district attorney in his argument, where their counsel promptly objected to the remark, and the judge sustained the objection, and immediately instructed the jury to give it no consideration.

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; S. Allen Bordelon, Judge.

Louis Desselles and others were tried on charges of burglary and larceny contained in separate indictments, and from a conviction of larceny they appeal. Verdict and sentence decreed null, and case remanded, with directions to proceed as if the larceny charge had not been tried.

J. W. Joffrion, Sam'l Moreau, W. E. Couvillon, and Porterie & Bordelon, all of Marksville, for appellants.

A. V. Coco, Atty. Gen., and Wade Norman, Dist. Atty., and Lester L. Bordelon, Associate Counsel, both of Marksville (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, J. Appellants were indicted by the grand jury, by two separate and distinct indictments, bearing different numbers on the docket of the district court, for the crime of burglary and for the crime of grand larceny.

The indictment for burglary, bearing the docket number 8536, charged:

"That Louis Desselles, James Desselles and Dan Boston, * * * on or about the 25th day of February, A. D. 1921, * * * did, willfully, maliciously and feloniously, with intent to steal two sacks of coffee, one sack of sugar and one box of tobacco, and other property belonging to J. M. Brouillette, A. B. Brouillette and C. Brouillette, in the nighttime, break and enter the railroad freight car No. 16573, belonging to the Texas & Pacific Railway Company, contrary to the form of the statute," etc.

The indictment for larceny, bearing the docket number 8537, charged:

"That Louis Desselles, James Desselles and Dan Boston, * * * on or about the 25th day of February, A. D. 1921, * * * did willfully, maliciously and feloniously, take, steal and carry away two sacks of coffee, one sack of sugar, one 40-pound box of tobacco, valued at $100, the property of A. B. Bruillette, Jim Bruillette and C. Bruillette; contrary to the form of the statute," etc.

The two true bills were returned by the grand jury, in open court, as in two separate and distinct cases, as shown by the minutes of the court, viz.:

Now into court comes the grand jury, and through its foreman reported the following "True Bills," viz.:
State of Louisiana v. Louis Desselles et al. No. 8536. B. Indorsed: "A True Bill."
                              A. B. West, Foreman.
State of Louisiana v. Louis Desselles et al. No. 8537. L. Indorsed: "A True Bill."
                              A. B. West, Foreman.

The arraignment in the two cases was entered on the minutes thus:

State of Louisiana v. Louis Desselles et al. Nos. 8536–37. B. and L. The accused herein, Louis Desselles, Jim Desselles and Dan Boston, being present in open court, accompanied by counsel, waived arraignment, pleaded not guilty. and both cases fixed for November 25th.

The cases were thereafter assigned for trial on December 1st, as two separate cases, with the docket numbers reversed, viz.:

State of Louisiana v. Louis Desselles et al. No. 8536. Larceny. All of the accused herein, namely, Louis Desselles, James Desselles and Dan Boston, being present in court, accompanied by their counsel, case fixed for Thursday, December 1, 1921.

State of Louisiana v. Louis Desselles et al. No. 8537. Burglary. All of the accused herein, namely, Louis Desselles, James Desselles and Dan Boston, being present in court, accompanied by their counsel, case fixed for Thursday, December, 1, 1921.

The record of the commencement of the trial, of date December 1, 1921, is as follows:

State of Louisiana v. Louis Desselles et al. No. 8536. Burg. State of Louisiana v. Louis Desselles et al. No. 8537. L. All of the accused herein, namely, Louis Desselles, James Desselles and Dan Boston, being present in court, accompanied by their counsel, were put on trial for the above charges, etc.

The jury rendered a verdict in each case, separately, finding the defendants not guilty in the case No. 8536, and finding them guilty of larceny of goods of a value exceeding $20 and less than $100, in the case No. 8537. The proceedings of the day were entered on the minutes as follows, viz.:

State of Louisiana v. Louis Desselles et al. No. 8536. B. State of Louisiana v. Louis Desselles et al. No. 8537. L. The three accused being present in court, accompanied by their counsel, the trial of these cases was resumed; and the jury drawn to serve herein, after hearing the evidence and the arguments of both sides, retired under the charge of the court, and, after mature deliberation, returned into court, and, in the presence of the accused and their counsel, rendered the following verdicts, to wit: "We, the jury, find the accused not guilty. P. Adam Bordelon, Foreman," and "We, the jury, find the accused guilty of larceny, value of goods over $20.00 and less than $100.00. P. Adam Bordelon, Foreman"—in number 8536 and 8537, respectively, which verdicts were by the court ordered recorded, and the accused discharged and their bonds canceled in the burglary case, and that they be remanded for sentence in the larceny case.

The minutes of the court show that the two cases were tried by a jury of 12, notwithstanding the larceny case was, according to section 41 of article 7 of the Constitution of 1921 (as it had been by article 116

of the Constitution of 1898 and of 1913), triable by a jury of 5. Defendants' counsel did not object, nor did they expressly assent, to the drawing of 12 jurors, or to the trial of the larceny case along with the burglary case; for the trial of which latter case the jury of 12 was the proper tribunal. After the verdict was rendered, and before sentence was imposed, defendants' counsel filed a motion in arrest of judgment, in the larceny case, averring that the jury of 12 was without jurisdiction to try the case. The motion was overruled; and, a bill of exceptions having been reserved, the three defendants were sentenced to imprisonment in the penitentiary for a term not less than 18 nor exceeding 24 months.

The district judge's reason for overruling the motion in arrest of judgment, as stated in the per curiam, was that he regarded the two indictments as two counts in one indictment, on separate sheets of paper, viz.:

"That both cases arose out of the same transaction, being the same parties in both indictments. Under the law, if growing out of the same transaction, two counts may be included in the same indictment, the greater offense including the less, and the case tried by a jury as prescribed by law for the greater offense. In this case there are two counts growing out of the same transaction, the counts, however, being on separate sheets of paper."

[1] The indictment for larceny does not contain an averment that the crime was committed in connection with, or after the commission of, the crime of burglary. It is true, the kind and quantity of goods alleged to have been stolen, and the names of the owners of the goods, are the same; and it is alleged in each indictment that the crime charged was committed on or about the 25th day of February, 1921. But it is not alleged that the two crimes were committed at the same time or on the same occasion. In fact, it is not even alleged that the goods were taken, stolen, or carried away, from a freight car, or from a burglarized establishment. The verdict of the jury, finding that defendants were not guilty of burglary, is conclusive of the fact that the crime of larceny, of which they were accused, was not connected with burglary on their part.

Our opinion is that the indictment for larceny, without an averment that the crime was committed in connection with the crime of burglary, cannot be regarded as a second count in the indictment for burglary. The larceny of property of the value of $100 or more is not a graded offense, but, the penalty being imprisonment with or without hard labor, is triable by a jury of 5. Section 41 of article 7 of Const. of 1921; Article 116 of Const. of 1898 and of 1913. The larceny of property of less value than $100, if committed in connection with burglary or any other crime, is not a graded offense; but, the penalty being imprisonment with or without hard labor (Rev. Stat. § 812; Act 124 of 1874, § 8, p. 223), an accusation of such larceny is also triable by a jury of 5. The larceny of property of less value than $100, "unaccompanied with any one of the several sorts of burglary or other crime," is a graded offense. Section 5 of Act 107 of 1902, p. 162. If the value of the property so stolen be less than $5, the penalty is imprisonment without hard labor, for a term not exceeding 60 days nor less than 10 days, and the case is therefore triable by the judge, without a jury. If the value of the property so stolen be $5 or more, but less than $20, the penalty is imprisonment without hard labor, for a term not exceeding 6 months nor less than 1 month, and the case is therefore also triable by the judge without a jury. If the value of the property so stolen be $20 or more, but less than $100, the penalty is imprisonment with or without hard labor for a term not exceeding two years nor less than 3 months, and the case is therefore triable by a jury of 5.

[2] Inasmuch as the jury, in a prosecution

for larceny, may find the defendant guilty of larceny of property of less value than is stated in the indictment, and inasmuch as it might make a serious difference in the penalty if the indictment contained the allegation that the larceny was "accompanied with any one of the several sorts of burglary, or other crime," it is extremely important that an indictment for larceny should contain such averment, if it be true. In the present case, the indictment for larceny was for larceny only, unaccompanied with burglary or any other crime; and it is certain that the jury could not have convicted the defendants of the ungraded crime of petit larceny, accompanied with burglary. Hence we find no theory on which to regard the indictment for larceny, in this case, as a second count in the indictment for burglary.

[3, 4] The decisions of this court maintain that, if burglary and larceny have been committed in one transaction, the two crimes may be charged in one count of the indictment, without invalidating the indictment for duplicity. But this court has not yet decided, as far as we know, that an accusation for larceny, if made in a separate count in an indictment for burglary, is triable by a jury of 12. The crime of burglary, of course, being subject to the penalty only of imprisonment at hard labor, is triable by a jury of 12, 9 of whom concurring may render a verdict. Constitution of 1921, art. 7, § 41; Const. of 1898 and of 1913, art. 116. It must be, and is, considered well settled now by the decisions of this court that, if larceny be charged in the same count with burglary, the indictment is for burglary only, the charge of larceny being considered only as expressing the intent with which the burglary was committed. In such case, the jury cannot legally convict the defendant of larceny, and, if the verdict be "guilty as charged," the penalty for burglary only can be imposed. Before the enactment of Act 35 of 1880, pursuant to article 7 of the Constitution of 1879, providing for juries of 5, the crime of larceny, as well as burglary, was triable by a jury of 12. Therefore the question of jurisdiction of the tribunal to try the case of larceny, along with a case of burglary, did not and could not arise. Nevertheless the court held, previous to the enactment of the statute of 1880, in State v. Ford, 30 La. Ann. 311, and in State v. Christian, 30 La. Ann. 367, that an indictment for burglary and larceny, in one count, was an indictment for burglary only, and that a verdict of guilty of larceny was not valid. The same ruling was made, after the enactment of the statute of 1880, in State v. Johnson, 34 La. Ann. 48. The ruling in that case was cited with approval in State v. King, 37 La. Ann. 662, where the defendant was indicted for burglary and larceny in one count, and was found guilty of burglary. In State v. Nicholls, 37 La. Ann. 779, where the indictment was for burglary and larceny, in one count, and the verdict was "guilty of burglary and larceny," the court held that the indictment and verdict for burglary were valid, and said it was not necessary to decide whether the defendant might have been convicted of larceny alone. The court affirmed the sentence, on the theory that it had been imposed for the crime of burglary alone, saying:

"The sentence of the court was single and inflicted a penalty entirely appropriate to the crime of burglary alone."

In State v. Morgan, 39 La. Ann. 214, 1 South. 456, where burglary and larceny were charged in the same count, a verdict of guilty of larceny alone was affirmed. The court ruled that the trial judge had not erred in refusing to charge the jury that the defendant could only be found guilty or not guilty of burglary, and in charging, on the contrary, that the defendant could be convicted of burglary and larceny or of either crime. In support of the ruling, the court cited State v. Johnson, supra, which was directly in con-

flict, and cited State v. Nicholls, supra, which was not appropriate. The ruling in State v. Morgan is contrary to all other decisions on the subject, and must henceforth be considered overruled. In State v. Robertson, 48 La. Ann. 1024, 20 South. 166, the court again ruled that an indictment for burglary and larceny, in one count, was an indictment for burglary only; that the trial judge erred in charging the jury that the defendant could be found guilty of larceny; and that the verdict of guilty of larceny was not valid. And the ruling in that case was repeated in State v. Carriere, 127 La. 1029, 54 South. 339, and again in State v. Fuselier, 134 La. 632, 64 South. 493.

In State v. Malloy, 30 La. Ann. 61, and in State v. Depass, 31 La. Ann. 487, the ruling was that, under an indictment for burglary and larceny, in separate counts, the defendant could be convicted and sentenced for larceny as well as for burglary. But the decisions was rendered before the enactment of the statute of 1880, and the jury of 12 therefore had jurisdiction to try the case of larceny as well as the case of burglary.

In State v. Robinson, 40 La. Ann. 730, 5 South. 20, and in State v. Huey, 48 La. Ann. 1382, 20 South. 915, both of which cases were decided subsequent to the enactment of the statute of 1880, the rulings were that, under an indictment for burglary and larceny, in separate counts, the defendant was subject to conviction for larceny as well as for burglary; but the question was not raised or discussed as to whether the jury of 12 had jurisdiction to try the larceny case. In fact, Robinson, on arraignment on both counts in the indictment, pleaded guilty.

In State v. Robertson, 111 La. Ann. 809, 35 South. 916, the indictment, in separate counts, was for burglary and for larceny of $30; and the verdict, "Guilty of larceny," was pronounced invalid because of the omission to state the amount stolen. It was said in the course of the opinion that, as the jury of 12 had jurisdiction to try the burglary case, it also had jurisdiction to try the larceny case; but that question was not presented as an issue in the case, and the remarks of the court on the subject were irrelevant, after the verdict had been declared illegal.

In State v. Perry, 116 La. 231, 40 South. 686. the indictment was, in separate counts, for burglary and for larceny of goods valued at $22. The defendant was tried by a jury of 12 and found guilty of burglary and of larceny of goods valued at $16. His attorney filed a motion in arrest of judgment, averring that the charge of larceny was triable by a jury of 5. Thereupon the district attorney entered a nolle prosequi on the charge of larceny, to which defendant's counsel objected and excepted, contending that the verdict was null as to both counts. On appeal, this court disposed of appellant's complaint by ruling that the district attorney had the right to enter the nolle prosequi on the charge of larceny, after conviction, without affecting the conviction for the crime of burglary, and that appellant therefore had no cause to complain of the nolle prosequi. What was said thereafter in the course of the opinion was merely academic discussion, and was not entirely correct. For example, it was said:

"But the learned counsel is mistaken in the assumption that the larceny charged against the defendant was triable by a jury of 5. Act 1902, p. 162, No. 107, § 5, grades only 'larceny of property of less value than $100, unaccompanied with any one of the several sorts of burglary, or other crime,' and leaves larceny such as the defendant is charged with—i. e. larceny accompanied with burglary—to be punished (under Rev. St. § 812), necessarily, at hard labor, and hence triable in the same manner as the burglary with which he is charged. The defendant was therefore deprived of none of his rights."

The author of the opinion then said that it would have made no difference if the Act of 1902 had so classified the larceny in ques-

tion as to have made it triable by a jury òf 5. That expression was, of course, mere obiter dictum, because the court had already ruled that the defendant had no cause to complain of the nolle prosequi of the charge of larceny. The court was in error in saying that, inasmuch as the Act 107 of 1902 had not graded the crime of larceny when committed in connection with burglary, the crime of larceny of property of the value of $22, having been committed in the perpetration of burglary, was and remained, under section 812 of the Revised Statutes, triable by a jury of 12. That section of the Revised Statutes declared that whoever should be guilty of larceny should be imprisoned at hard labor, or otherwise, for a term not exceeding 2 years. And the penalty for petit larceny was not changed by the Act 124 of 1874. The decision in State v. Perry, therefore, cannot be regarded as authority for the doctrine that an accusation of larceny, in a separate count in an indictment for burglary, is triable by a jury of 12.

In State v. Lewis, 129 La. 800, 56 South. 893, the defendant was prosecuted under a bill of information charging, in separate counts, burglary with intent to steal, and larceny committed at the same time and place. He was found "guilty as charged," and was sentenced to imprisonment at hard labor for a term less than the maximum penalty for burglary. On appeal, he assigned as error that he had been tried for larceny by a jury of 12, when the Constitution required that the crime of larceny was triable by a jury of 5. This court affirmed the sentence because it was lighter than it might have been for the crime of burglary. The court said:

"In the instant case, the sentence imposed is much lighter than might have been imposed for the burglary, with intent to steal, charged in the first count of the indictment, and we find no reason to disturb it."

In State v. Lewis, the court recognized the error committed in State v. Perry, in saying that larceny committed in connection with burglary was triable by a jury of 12, and observed that the judgment of the court "was predicated on other grounds." The court quoted extensively from the opinions of the text-writers on Criminal Law, including Wharton, Bishop, and McLain, maintaining the doctrine that a verdict of guilty as charged, on an indictment for burglary and larceny, charged in one count, warrants a sentence within the penalty prescribed for the more serious crime, but not a cumulation of the penalties prescribed for both crimes, even though both charges be triable by the same tribunal. The court also referred approvingly to the doctrine—which, however, was not appropriate to the issue before the court—that the tribunal that has jurisdiction of the crime charged in an indictment has jurisdiction to convict for an offense of inferior degree, provided its elements are essentially included in the definition of the crime charged. The ruling in State v. Lewis, however, with all of the logic in much that was said in the opinion, cannot be regarded as authority for the doctrine that an accusation of larceny, in a separate count in an indictment for burglary, is triable by a jury of 5; because the decision of the case rested upon the theory and presumption that the sentence was imposed only for the crime of burglary.

[5, 6] The foregoing review of the jurisprudence on the subject discloses that this court has not yet made an authoritative ruling that the crime of larceny, if charged in a separate count in an indictment for burglary, may be tried by a jury of 12. There is no necessity for a ruling on the subject in this case, because the crime of larceny is not charged in the indictment for burglary. A court or jury having jurisdiction to try the defendant for the crime charged in a bill of indictment or information has jurisdiction to convict him of a less serious crime,

of which, if charged alone, the court or jury would not have jurisdiction; provided, of course, all of the elements of the less serious crime are essentially included in the definition of the crime charged. The reason is that the jurisdiction of a trial court or jury is determined by the nature or gravity of the crime charged, not by the judgment or verdict that may be rendered. The principle is the same as in civil cases, where the jurisdiction of the trial court or jury is determined by the object or subject of the plaintiff's demand. But the crime of larceny is not, in any case, an element of the crime of burglary, or essentially included in the crime of burglary. The principle referred to, therefore, does not sustain the argument that jurisdiction can be conferred upon a jury of 12 to try an accusation of larceny merely by trying the case of larceny along with an accusation of burglary.

[7] It does not appear that any formal motion—or any motion at all—was made to consolidate the two cases, or to try them together. It appears that the defendants and their counsel tacitly acquiesced in the taking up of the two cases together, and in the impaneling of a jury of 12. But it is too well settled to admit of discussion that jurisdiction to try a criminal case, being controlled ratione materiæ, cannot be conferred by agreement or consent of the parties concerned. In State v. Thompson, 104 La. 167, 28 South. 882, the defendant was accused of a felony, the penalty for which was, necessarily, imprisonment at hard labor; and he claimed the right to waive trial by a jury and to be tried by the judge alone. The judge denied the request, and the defendant was tried and convicted by the jury. This court sustained the ruling, saying that its reason was that the state had an interest in the preservation of the lives and liberties of her citizens, and would not allow them to be taken away without due process of law. The court was construing a provision in ar-

ticle 117 of the Constitution of 1898, retained in the corresponding article of the Constitution of 1913, and in section 42 of article 7 of the Constitution of 1921, viz.:

"The district judges shall have authority to try at any time misdemeanors, and, when the jury is waived by the defendant, all cases not capital or necessarily punishable at hard labor, and to receive pleas of guilty in all cases less than capital." [N. B. The words "by the defendant" were not in article 117 of the Constitution of 1898 or 1913.]

In State v. Beebe, 127 La. 493, 53 South. 730, the defendant was indicted for a crime for which the penalty was imprisonment with or without hard labor, at the discretion of the court, for a term not less than 1 year nor more than 20 years. The case was therefore triable by a jury of 5. Without objection on defendant's part, he was tried by a jury of 12, and was found guilty. He filed a motion in arrest of judgment, contending that the jury of 12 had not jurisdiction of the case. The motion was overruled by the district judge. On appeal, the ruling was reversed, and the verdict and sentence were pronounced null. The court said that, as the jurisdiction to try such a case was not conferred by law upon a jury of 12, it could no more be conferred upon such jury by the consent or acquiescence of the defendant than it could be vested in a jury of 3, or a mob of 50. Referring to the right of the defendant in such case to waive trial by a jury of 5, under article 117 of the Constitution of 1898, the court said that, if the defendant had waived his right to be tried by the jury of 5, he should have been tried by the judge. It was said that the fact that provision was thus made for the trial of the case, in the event of a waiver of the right to be tried by the tribunal primarily invested with jurisdiction, only strengthened the conclusion that the defendant had no other alternative than to be tried by a jury of 5 or by the judge.

In State v. Reeves, 128 La. 37, 54 South. 415, the defendant was indicted for a crime

the penalty for which was "imprisonment at hard labor or otherwise." Without objection on his part he was tried by a jury of 12, and was convicted and sent to the penitentiary. This court released him on a writ of habeas corpus, and ordered his case returned to the docket of the district court, "to be proceeded with as if no trial had been had." With regard to the defendant's having waived the right to be tried by a jury of 5 or by the judge, it was said the objection that the jury of 12 had not jurisdiction of the case could not be waived by a plea or by going to trial.

In State v. Nejin, 139 La. 912, 72 South. 452, the defendant was prosecuted in the city court of Shreveport for two offenses arising from one and the same act, the keeping of a blind tiger at a specified time and place. One of the charges was for violation of the state statute, Act 8 of 1915, and the other charge was for violation of a municipal ordinance. The statute and the ordinance both denounced the keeping of a blind tiger. The two charges were tried together, over defendant's objection, and resulted in a conviction and sentence for violation of both the state law and the municipal ordinance. On appeal, this court annulled the judgment, saying:

"It is, obviously, a legal impossibility, even if there be no objection, to consolidate two criminal prosecutions, for distinct offenses, cognizable on appeal, in different courts, and try them as one case," etc.

Hence it is a legal impossibility to consolidate two criminal prosecutions for distinct offenses, cognizable before different tribunals of original jurisdiction, and try them as one case.

The prosecuting attorneys rely upon the rulings of this court in State v. Fulco, 135 La. 269, 65 South. 239, and in State v. Bennett, 136 La. 334, 67 South. 22, in support of the proposition that two criminal prosecutions may be tried as one, if no objection be made. In each of the cases cited, the prosecution was for a misdemeanor, selling intoxicating liquor without having obtained a local license, which offense was triable by the judge alone. In Fulco's Case, the prosecution was for violating a municipal ordinance and for violating the state statute, Act 66 of 1902. The defendant was convicted and sentenced for both offenses. The judgment and sentence for violating the state law was affirmed; but the appeal from the judgment and sentence for violating the municipal ordinance was dismissed, because the case was appealable to the district court, not the Supreme Court. Though the ruling in that case may be not altogether reconcilable with the subsequent ruling in State v. Nejin, supra, we see no occasion for criticizing it. As the judge of the city court had jurisdiction to try the defendant for violation of either the state law or the municipal ordinance, or for the violation of both, and as the question of appellate jurisdiction depended, not upon the nature or seriousness of the charge, but upon the sentence to be imposed by the city court, the trial of the two charges as one did not affect the jurisdiction, either original or appellate. In Bennett's Case, he contended on appeal that he had been tried for violation of both the state statute and the municipal ordinance; but the record did not show that there was an accusation of violation of the municipal ordinance. The rulings in the cases cited are therefore not appropriate to the present case.

[8, 9] Of the three other bills of exception reserved in this case, two have reference to the fact that the tales jury box contained some names of men who were not qualified to serve on the jury, and contained less than 100 names, and was not sealed when the clerk produced it in court for the trial of this case. It appears that the box had been opened by the clerk of court for the trial of a case that preceded this case, and that some names had therefore been drawn from the box. The law does not require, and it

is not practicable, that the tales jury box shall always contain the complement of 100 names of men qualified for jury duty. The other bill .of exception was reserved to a remark made by the district attorney in his argument to the jury. Defendants' counsel promptly objected to the remark, and the judge sustained the objection and immediately instructed the jury not to give it consideration. Our opinion is that no harm was done. The verdict and sentence appealed from, however, are null for the want of jurisdiction of the jury that tried the case.

The verdict and sentence appealed from are decreed null, and it is ordered that this case be remanded to the district court, to be proceeded with as if the prosecution for larceny had not been tried.

PROVOSTY, C. J., and OVERTON, LAND, and BAKER, JJ., concur in decree.