BRUNOT, J.
Clifford Washington, a minor under the age of 17 years, was charged with being a delinquent child. He was tried, found guilty, and • given an indeterminate sentence on the parish farm. From the conviction and sentence he appealed.
The trial was had upon an affidavit charging that:
“Clifford Washington, a child under the age of 17, is a delinquent child within the meaning of the law, in this: That on or about August 23, 1926, * * *, Clifford Washington, in room No. 203 of the Inn Hotel of this city, did sell about one pint of intoxicating liquor, commonly known as whisky.”
The affidavit was made by the probation officer, and it was subscribed and sworn to before Nell Colbert in the official capacity of “clerk of juvenile court.” We quote the following from the minutes of the court as they appear in the record;
“Clifford Washington, being present in his own person and represented by counsel, announces ready for trial, case called, trial had, { evidence adduced, and found guilty. I
“Counsel for defense then filed a motion in arrest of judgment, said motion being overruled by the judge.”
The motion in arrest of judgment is based upon the following ground: viz., that Act No. 119 of 1922, § 7, provides that “all proceedings against neglected or delinquent children shall be by affidavit made before the clerk of court or any committing magistrate, etc.,” and that Act No. 30 of 1924 does not repeal the provision of Act No. 119 of 1922 as to the officer before whom affidavits charging the neglect or delinquency of children shall be made. Act 30 of 1924 creates the office of judge of the juvenile court for the parish of Caddo, and section 3 of the act provides that the clerk of the First district court of Caddo parish shall be the clerk of the juvenile court of that parish.
Section 67 of article 7 of the Constitution authorizes clerks of district courts, with the approval of the judge, to appoint deputies with such powers as shall be prescribed by law, and section 8 of Act 43 of 1882, as amended by Act 220 of 1902, authorizes deputy clerks to exercise all. of the powers granted to clerks, ex officio recorders of conveyances, mortgages, and other acts, and ex-officio notaries public, except where the exercise of the grant of certain judicial powers is vested in the clerk alone, or in his chief deputy, in the event of the clerk’s absence or incapacity to act.
We note that no bill of exceptions was reserved to the overruling of the motion in arrest of judgment, and, as counsel for appellant has not filed assignment of errors, we cannot avoid the verdict and sentence, if there is no reversible error patent on the face of the record.
 It appears, from the minutes of the court, that the motion in arrest of judgment, was overruled:
“For the reason that Nell Colbert is deputy clerk of Caddo parish, serving in the capacity ot clerk of juvenile court of Caddo parish, as provided by law.”
The court’s announced reason for judgment shows that Nell Colbert was a duly qualified deputy clerk of the district court. In the *855 case of Bank v. Watson, 15 La. 38, it was held that:
“Code of Practice, article 782, authorizes clerks to appoint deputies, * * * who are to take an oath before the court, * * * in which they act.”
But, if they act in two courts the law is satisfied, if they be sworn in either.
It is our o,pinion that a deputy clerk may exercise, in the juvenile court, all of the powers granted to the clerk of the district court as fully and to the same extent as the law authorizes him so to do in the district court. Moreover, counsel did not object to the sufficiency of the affidavit in limine. If there be a defect, it relates to form only, and no injury was suffered thereby. In State v. Bennett, 136 La. 334, 67 So. 22, we said:
“It is too late, after a defendant has been tried and convicted on a specific criminal charge, to make the objection that the affidavit upon which the prosecution was based was not made at the time that it was signed.”
We also quote from 16 O. J. p. 296, the following :
“Accused, by failing to object on his preliminary examination to the sufficiency of the affidavit or complaint, and by pleading ‘not guilty,’ waives mere defects and cannot object to the jurisdiction of the court to which he is remanded.”
We find nothing in the record suggestive of prejudicial error, and the judgment and sentence of the juvenile court are affirmed.