220 So.2d 711

**STATE of Louisiana**

v.

**Stephen J. GLANTZ and Harold Kenner.**

No. 49577.

Feb. 24, 1969.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellant.

Bernard E. Burk and Laurence D. Rudman, New Orleans, for defendants-appellees.

HAMLIN, Justice:

This matter is before us on a motion to dismiss the State's appeal. Defendants contend in motion that this Court is without jurisdiction to review the matter by appeal for the reason that the case is not appealable. They urge that this Court may only review the matter after the State applies for and is granted a writ of certiorari and prohibition. For reasons hereinafter stated, we find that the motion to dismiss is without merit.

Defendants were jointly charged by bill of information with a violation of LSA–R.S. 40:962—selling marijuana. After entering a plea of not guilty, defendant Glantz withdrew his plea and in lieu thereof entered a plea of guilty as charged; defendant Kenner withdrew his plea

of not guilty and in lieu thereof entered a plea of guilty to attempted sale of narcotics. The pleas were accepted by the State. Defendants waived all legal delays, and on July 31, 1968 the trial court sentenced each defendant to serve a term of five years at hard labor in the Louisiana State Penitentiary; it suspended the execution of the sentences during the good behavior of the defendants, placing each on active probation under the direct supervision of the Department of Institutions, Division of Probation and Parole, for a term of five years.[1]

Alleging that the sentences were invalid and contrary to law, LSA-R.S. 40.981(3), the State, on August 13, 1968, filed a rule to show cause why the trial court should not issue an order recalling the sentence imposed on each defendant; it prayed that a proper and legal sentence be imposed as provided for by LSA-C.Cr.P., Arts. 871, 872, and 882.

On September 16, 1968, the trial court denied the rule to show cause and ordered that the original sentences pronounced stand; the State reserved a bill of exceptions. The Minutes of Court, September 16, 1968, recite that, "The State made an oral motion of its intention to apply for writs or appeal to the Supreme Court of the State of Louisiana." (See, LSA-C.

Cr.P., Art. 914, which provides that a motion for an appeal may be made orally in open court.) No return date was set by the court. On October 1, 1968, on motion of the State, the court ordered filed notice of intention to apply for writs of certiorari. On October 18, 1968, the State filed a written motion of appeal, alleging therein that it was aggrieved by the court's ruling of July 31, 1968, wherein the defendants were each given suspended sentences of five years, even though LSA-R.S. 40:981(3) prohibits any suspension of sentence. The appeal to this Court was granted, and December 6, 1968 was set as the return date. The State perfected its bill of exceptions, and, on October 22, 1968, on motion of the State, the court ordered the bill filed. On November 26, 1968, the court signed and ordered filed its per curiam to the bill of exceptions. The record was filed in this Court on December 4, 1968, and the motion to dismiss was filed on December 31, 1968.

Counsel for defendants urge that since there was no trial, no testimony, and no bills of exceptions perfected by either the State or the defendants until the State received an adverse ruling on the motion to show cause why the sentences should not be set aside, this is an unappealable case under LSA-C.Cr.P., Art. 882.

1. The Minutes of Court recite that the trial court determined the defendant Glantz to be twenty years of age, born October 14, 1947, in Providence, Rhode Island, and the defendant Kenner to be twenty years of age, born November 5, 1947, in Providence, Rhode Island.

The State contends that under Art. VII, Sec. 10(5), La.Const. of 1921,[2] and LSA–C.Cr.P., Art. 882, it has a right of appeal in this matter.

LSA–C.Cr.P., Art. 882, provides:

"An illegal sentence may be corrected at any time by the court that imposed the sentence.

"A sentence may be reviewed as to its legality on the application of the defendant or of the state:

"(1) In an appealable case by appeal; or

"(2) In an unappealable case by writs of certiorari and prohibition.

"Nothing in this article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus."

LSA–C.Cr.P., Art. 912, prohibits the State from appealing from a verdict of acquittal and also lists certain judgments or rulings from which the State may appeal. A matter such as the present one is not included in the article; however, it recites that the State is not limited to those judgments or rulings listed.

LSA–R.S. 40:981(3) provides that a person under the age of twenty-one years convicted of selling, giving, administering,

or delivering any narcotic drug to any person shall be punished by imprisonment at hard labor for not less than five years, nor more than fifteen years.

Defendants were charged with the offense of selling marijuana, and, under LSA–R.S. 40:981(3), supra, if found guilty could have been sentenced to no less than five years at hard labor. As stated, supra, defendants were sentenced to five years at hard labor in the State Penitentiary. Under such facts, we conclude that this is an appealable case under LSA–C.Cr.P., Art. 882, supra, and meets all requirements of Art. VII, Sec. 10(5) of the Louisiana Constitution.

The cases cited by counsel for defendants, State v. Johnson, 220 La. 64, 55 So.2d 782; State ex rel. Cutrer v. Pitcher, 164 La. 1051, 115 So. 187; State v. Quinn, 155 La. 287, 99 So. 222; State ex rel. Hart v. Hicks, 113 La. 845, 37 So. 776, are not apposite. The legality of sentences imposed in the cases cited was considered in writ proceedings, whereas, the issue herein presented was not one for determination in those cases.

For the reasons assigned, the motion to dismiss the appeal from the judgment of the Criminal District Court for the Parish

---

2. "The following cases only shall be appealable to the Supreme Court:

   \*      \*      \*      \*      \*

"(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed." Art. VII, Sec. 10(5), La.Const. of 1921.

of Orleans, Section H, is denied. It is now ordered that this case be set on the Docket of this Court for a hearing on the legality of the sentences imposed on the defendants.

BARHAM, Justice (dissenting).

One of these two defendants entered a plea of guilty to attempted sale of narcotics, and the other pleaded guilty to sale of narcotics. Each was sentenced to serve a term of five years at hard labor, the execution of the sentences to be suspended during good behavior under active probation supervision. The sentences were imposed on July 31, 1968. On August 13 the State filed a rule to show cause why the trial court should not recall the sentences imposed, alleging that they were invalid as contrary to R.S. 40:981(3), which says in part that the sentence imposed under that provision shall be " * * * without benefit of parole, probation or sus-

pension of sentence * * *". On September 16 the trial court denied that rule, and the State reserved a bill of exception, giving notice by oral motion of intention to apply for writs and for appeal to the Supreme Court. The appeal was filed, and the defendants have filed a motion to dismiss, urging this is not an appealable case. The State opposes, praying alternatively that this court issue a writ of certiorari if it finds the State has no right of appeal.

The offense with which these defendants were charged is one for which imprisonment at hard labor may be imposed; accordingly under Article 7, Section 10(5),[1] of the Louisiana Constitution of 1921 the defendants had a right of appeal from their convictions and sentences, and the State had a right of appeal to correct the allegedly illegal sentences.[2] However, neither appealed timely (within 15 days from rendition of judgment),[3] and there-

1. Article 7, Section 10(5), reads: "The following cases only shall be appealable to the Supreme Court:
   " * * * *
   "(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed."

2. Code of Criminal Procedure Article 882 provides:
   "An illegal sentence may be corrected at any time by the court that imposed the sentence.
   "A sentence may be reviewed as to its legality on the application of the defend-

ant or of the state:
   "(1) In an appealable case by appeal; or
   "(2) In an unappealable case by writs of certiorari and prohibition.
   "Nothing in this article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus."

3. Code of Criminal Procedure Article 914 provides in part: " * * * The motion [for appeal] must be made no later than fifteen days after the rendition of the judgment or ruling from which the appeal is taken. * * * "

fore both have lost their right of appeal from the judgments and sentences of July 13. Suspended sentences are final judgments of sentence for the purpose of appeal.[4]

The motion for appeal, although filed October 18, 1968, is apparently directed at the July 31 judgments of sentences since the motion states that the State was aggrieved by those judgments. The State is bound by its pleadings, and an appeal from the July 31 judgments is therefore the appeal pending before us. It is obvious on the face of the written motion for appeal that it must be dismissed as being untimely, having been filed far beyond the expiration of the 15-day period. C.Cr.P. Art. 914. The State has been divested of the right to appeal that case by its own delay, and the case which ended in judgments of sentences on July 31, 1968, is no longer an "appealable case". C.Cr.P. Art. 882 (1). Since the judgments on that date by which the State claims it was aggrieved were appealable and the State failed to exercise its right of appeal, it cannot now apply to this court for review of those judgments even under our supervisory jurisdiction. C.Cr.P. Art. 882(2).

Neither the State nor a defendant can keep a final judgment of sentence in suspension, after the delay for appeal has passed, by motions to set aside the sentence. The delay for appeal from the July 31 judgments has expired, and now no appeal lies from those judgments, which are the ones appealed from.

For the foregoing reasons this appeal should be dismissed, and I therefore respectfully dissent.

4. C.Cr.P. Arts. 893, 871, and 912; and State v. Bruno, 253 La. 669, 219 So.2d 490 decided this day.