[,WILLIAMS, J.
The defendant, Warren L. Dickerson, was convicted of attempted armed robbery, a violation of LSA-R.S. 14:64 and LSA-R.S. 14:27. The state subsequently *574 charged the defendant by bill of information as a fourth-felony offender under LSA-R.S. 15:529.1. Defendant’s motion to quash the habitual offender bill was denied. After a hearing, the trial court adjudicated the defendant a fourth felony offender. Defendant was subsequently sentenced to serve a mandatory sentence of life imprisonment without the benefit of probation, parole or suspension of sentence. By this appeal, defendant challenges his multiple offender adjudication and the mandatory life sentence. For the following reasons, we affirm defendant’s attempted armed robbery conviction. However, we set aside the defendant’s fourth-felony offender adjudication and sentence, enter judgment adjudicating the defendant a third-felony offender and remand this case to the trial court for re-sentencing.
FACTS
The facts adduced at trial are not in dispute. On January 17, 1996, the defendant attempted to “hold up” the Circle K convenience store at the 2900 block of West 70 th Street in Shreveport. While defendant pointed a gun at the store attendant, a Shreveport police officer, Thomas Morgan, pulled into the store’s parking lot. Officer Morgan observed the defendant in the course of his robbery and apparently startled the defendant who dropped the gun and fled. Officer Morgan chased the defendant on foot, tackled and apprehended him near the store. Following a trial, where the defendant was positively identified as the perpetrator, the jury convicted defendant as charged.
Following this conviction, defendant was charged by bill of information as a fourth-felony offender. A motion to quash the habitual offender bill was filed and denied. At a hearing on August 11, 1999, the defendant was adjudicated a ^fourth felony offender. On September 2, 1999, he was sentenced to the mandatory sentence of life imprisonment without benefit under LSA-R.S. 15:529.1(A)(l)(c)(ii).
On appeal, defendant challenges his adjudication as a habitual offender and his sentence to life imprisonment.
DISCUSSION'
By his first assignment of error, the defendant contends the trial court erred in finding that the state presented sufficient proof to establish his 1983 manslaughter conviction as a predicate offense at the habitual offender hearing.[1] Defendant argues that the documents admitted at the hearing as State’s Exhibit No. 2 were insufficient to prove that defendant was represented by counsel when the guilty plea was taken or that the plea was informed, free and voluntary, and included an articulated waiver of his constitutional rights. In sum, defendant argues that the state has failed to carry its burden of proof as set forth in State v. Shelton, 621 So.2d 769 (La.1993).
Louisiana’s habitual offender law, LSA-R.S. 15:529.1(D)(l)(b), states, in pertinent part:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact.... A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis thereof, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previ *575 ous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
In State v. Shelton, supra, the Louisiana Supreme Court discussed the state’s | Jourden of proof in a habitual offender proceeding as follows:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving the defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boy-kin rights. (Footnotes omitted.) (Emphasis added.)
In the instant case, a motion to quash the habitual offender bill of information was filed and argued to the court at the habitual offender hearing. Specifically, defendant alleged that:
[Tjhere is not sufficient evidence to establish the alleged felony conviction for Manslaughter on January 21, 1983. This prosecution has failed to submit or provide a Boykin transcript setting forth the defendant’s plea of guilty to Manslaughter.
Defense counsel reiterated his objection to the lack of sufficient proof of a Boykin advisement and waiver in regard to the defendant’s manslaughter conviction. Albeit, the defense mistakenly argued that the state was required to produce a “perfect” Boykin transcript. The trial court rejected defendant’s argument and denied the motion to quash.
At the habitual offender hearing, the state called a fingerprint expert, Officer Danny Duddy, to testify that the defendant’s fingerprints matched those on the back of the bills of information for the 1987 and 1994 convictions. Officer Duddy also compared defendant’s fingerprints to those contained in a “pen pack” received from the records custodian of David Wade Correctional Center, where ^defendant was incarcerated following his 1983 manslaughter conviction. In further support of the habitual offender bill, the state presented transcripts of defendant’s guilty pleas on February 11, 1987 and December 12, 1994. The transcripts reflect that when these pleas were taken defendant was represented by counsel and that he was advised of his Boykin rights.
As proof of defendant’s 1983 manslaughter conviction, the state offered and admitted State’s Exhibit No. 2, the “pen pack” which includes documents from the records custodian for the Louisiana Department of Public Safety and Corrections, Corrections Services at David Wade Correctional Center. An affidavit of the custodian accompanied the documents. The packet includes the following:
(1) a April 27, 1993 discharge of defendant from Wade Correctional Center;
(2) the Corrections Services Master Record;
(3) the judgment of conviction and sentence dated January 31,1983;
*576 (4) a certified copy of the court minutes for case number 116,848 on January 21, 1983 where' defendant appeared for sentencing;
(5) the March 10, 1981 grand jury indictment of defendant for first degree murder;
(6) defendant’s criminal record;
(7) defendant’s fingerprints; and
(8) a photograph of defendant.
After this evidence was admitted, the state argued that because the sentencing minutes reflect the fact of defendant’s pri- or guilty plea and his representation by counsel, defendant must have been represented by counsel when the plea was taken. Contrary to the state’s argument, there is nothing in this record that proves that the defendant was in fact represented by counsel when the plea was entered and that he was advised of and waived his Boykin rights.
A plain reading of Shelton makes it clear that the state must affirmatively show that defendant was represented by counsel, or that he received an advisement |sof the right to counsel and waived the right, when the guilty plea was taken. In addition, the trial court cannot presume that defense counsel adequately informed the defendant of his Boykin rights. State v. Williams, 384 So.2d 779 (La.1980); State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992). To find otherwise would be an untenable extension of the holding in Shelton.
Based on the jurisprudence, we conclude that the trial court erred in finding that the state had met its initial burden of proof in regard to the defendant’s 1983 manslaughter conviction. The state’s failure to carry its burden of proof as to this conviction renders defendant’s adjudication as a fourth-felony offender improper and we are required to set aside this judgment. State v. Kunzman, 31,976 (La.App.2d Cir.5/5/99), 741 So.2d 112. Since the use of defendant’s 1987 and 1994 convictions was not contested, we hereby enter judgment adjudicating the defendant a third-felony offender and remand the case for resentencing.
Because we are remanding this matter for resentencing, we pretermit the discussion of the defendant’s assignment of error regarding the excessiveness of the sentence imposed.
CONCLUSION
For the reasons discussed, the defendant’s conviction of attempted armed robbery is affirmed. The defendant’s adjudication and sentence as a fourth-felony habitual offender is set aside. Judgment is hereby entered adjudicating the defendant a third-felony offender. The matter is remanded to the trial court for the re-sentencing of the defendant as a third-felony offender.
CONVICTION OF ATTEMPTED ARMED ROBBERY AFFIRMED; FOURTH-FELONY OFFENDER ADJUDICATION SET ASIDE; ADJUDICATION AS A THIRD-FELONY OFFENDER ENTERED; REMANDED FOR RESENTENCING.

. At the hearing, defendant did not object to or attack, on any grounds, the proof presented in regard to his February 11, 1987 conviction for simple robbery or his December 12, 1994 conviction for illegal possession of stolen things (mid-grade theft). On appeal, he does not challenge his adjudication as a habitual offender in reference to these predicate convictions.