I, WILLIAMS, Judge.
This is an appeal after remand for re-sentencing. The defendant, Warren L. Dickerson, again appeals as excessive his sentence to life imprisonment without the benefit of probation, parole or suspension of sentence. We affirm.
In January 1996, the defendant attempted to rob the Circle K store in the 2900 block of West 70th Street in Shreveport. A police officer pulled into the parking lot and saw the defendant pointing a pistol at the store attendant. Defendant fled on foot, but the police officer chased, tackled and apprehended him near the store. During the trial, defendant was positively identified as the perpetrator. He subsequently was adjudicated as a fourth felony offender and was sentenced to life imprisonment without the benefit of probation, parole or suspension of sentence. In State v. Dickerson, 33,474 (La.App.2d Cir.5/10/00), 760 So.2d 573, this court affirmed the conviction for attempted armed robbery, but vacated the fourth-felony offender adjudication and remanded for re-sentencing as a third-felony offender. The prior convictions occurred in 1987 for simple robbery and in 1994 for illegal possession of stolen things (middle-grade theft).
In his assignments of error, defendant contends the trial court erred in imposing an excessive sentence and failing to articulate adequately the reasons for sentence as required by LSA-C.Cr.P. art. 894.1.
A sentence violates LSA-Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Wilkerson, 29,979 (La.App.2d Cir.10/29/97), 702 So.2d 64. A sentence is considered grossly disproportionate |Rif, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Smith, 433 So.2d 688 (La.1983).
In this case, LSA-R.S. 15:529.1(A)(l)(b)(ii) mandated a life sentence without benefits for this defendant. He is a third felony offender and, contrary to appellate defense counsel’s contention, one of the prior felonies (simple robbery) is defined as a crime of violence. LSA-R.S. 14:2(13)(y).
As this court stated in State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678:
Although, in State v. Dorthey, supra, the Louisiana Supreme Court stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. (Citations omitted.)
Since the habitual offender law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 675.
In Johnson, the supreme court also held that the defendant carried the burden to rebut the presumption that a mandatory minimum sentence is constitutional. To do so, the defendant must “clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the | .^offender, the gravity of the offense, and the circumstances of the case.” Johnson at 676.
From the record before us, we cannot find that this defendant has sufficiently *80 demonstrated that he is the “exceptional” defendant for whom a downward departure from the statutory minimum sentence is required. Defendant’s use of a handgun during a robbery created a situation in which human life could have been lost needlessly. This is his second robbery-related offense, indicating that he is a clear and present danger to the community.
Because the sentence imposed is statutorily prescribed, compliance with LSA-C.Cr.P. art. 894.1 is not mandated. It would be an exercise of futility for the trial court to discuss the factors enumerated in that article when the court had no discretion in sentencing the defendant. State v. Johnson, 31,448 (La.App.2d Cir.3/31/99), 747 So.2d 61, writ denied, 99-1689 (La.11/12/99), 749 So.2d 653, cert. denied, 529 U.S. 1114, 120 S.Ct. 1973, 146 L.Ed.2d 802 (2000); State v. Zornes, 34,-070 (La.App.2d Cir.12/6/00), 774 So.2d 1064.
The assignments of error are without merit.
The sentence is affirmed.
AFFIRMED.