811 So.2d 1010 (2002)
STATE of Louisiana
v.
Allen FLETCHER.
No. 01-KA-809.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*1011 William R. Campbell, Jr., New Orleans, LA, for Defendant/Appellant.
Allen Fletcher (In Proper Person), St. Gabriel, LA.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Defendant Allen Fletcher appeals his sentence as a third felony offender. On appeal he argues that he should be resentenced as a first felony offender. This court finds that defendant was improperly adjudicated as a third felony offender. We set aside that adjudication and hereby adjudicate defendant as a second felony offender. We remand to the trial court for resentencing.

PROCEDURAL HISTORY
This is defendant's third appeal to this court regarding alleged sentencing errors.
On June 3, 1994, the St. James Parish District Attorney filed a Bill of Information charging defendant Allen Fletcher with second degree battery, a violation of LSA-R.S. 14:34.1. (Appeal No. 97-KA-40, R., p. 21). The case was tried on October 5 and 6, 1995, and defendant was found guilty as charged. On October 27, 1995, the state filed a multiple offender Bill of Information charging defendant as a third felony offender. On February 6, 1996, the state filed another multiple offender Bill of Information charging defendant as a fourth felony offender. On that same date, defendant denied the allegations of the multiple bill. On May 7, 1996, the trial court found defendant to be a fourth felony offender and sentenced defendant to life imprisonment on July 2, 1996. Defendant appealed his life sentence.
On June 30, 1997, in an unpublished opinion in appeal 97-KA-40, this court set aside the defendant's life sentence and remanded for resentencing, noting that the trial judge retroactively applied the 1996 amended version of LSA-R.S. 15:529.1, rather than the multiple offender statute in effect at the time the offense was committed, LSA-R.S. 15:529.1(A)(1)(c), which allowed in some circumstances, but did not require, a life sentence, with benefit of parole, probation, or suspension of sentence.[1]
On September 9, 1998, defendant was resentenced to ten years in the Department of Corrections, and defendant appealed his sentence again. (99-KA-56). On June 23, 1999, in a per curiam opinion, this court set aside defendant's ten-year sentence and remanded for resentencing, noting only that defendant was improperly sentenced as a fourth felony offender.[2],[3]
*1012 Following remand, on August 12, 1999, defendant filed a Motion to Quash the multiple offender Bill of Information. Defendant filed a Supplemental Motion to Quash the multiple offender Bill of Information on October 1, 1999. A show cause order was signed by the trial judge on that same date, setting the hearing on the Motion to Quash for November 3, 1999. On November 3, 1999, the hearing on the Motion to Quash was continued to December 7, 1999. Defendant filed a Motion with Intent to Reserve the Right to File Various Motions on November 18, 1999. On December 7, 1999, the Motion to Quash was continued without date. On July 14, 2000, the State filed a Memorandum in Support of Resentencing Defendant as a Third Felony Offender. A Supplemental Memorandum was filed by the State on September 25, 2000. On October 24, 2000, a memorandum was submitted on behalf of defendant. Defendant was resentenced on April 3, 2001 as a third felony offender to ten years in the Department of Corrections. On June 5, 2001, defendant's Motion for Reconsideration of Sentence was denied. On oral motion of defendant, the trial court granted an appeal.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that the trial court improperly found him to be a multiple felony offender pursuant to LSA-R.S. 15:529.1, and that he should have been sentenced as a first offender. Specifically, he contends that the 1988 conviction for being a felon in possession of a firearm, a violation of LSA-R.S. 14:95.1, cannot be used in the determination of his habitual offender status nor in the calculation of the cleansing period. Defendant claims that the cleansing period to be applied in this case is five years, and not ten years. He argues that more than five years have elapsed between his felony convictions and, therefore, the multiple offender statute is inapplicable.
The cleansing period to be applied is the one in effect at the time defendant committed the instant offense.[4] At the time of the commission of the instant offense, May 8, 1994, LSA-R.S. 15:529.1(C) established a five-year cleansing period.[5]
In State v. Humphrey, 96-838 (La.App. 5 Cir. 4/29/97), 694 So.2d 1082, 1088, writ denied, 97-1461 (La.11/7/97), 703 So.2d 35, this court set forth the following law regarding cleansing periods:
The State bears the burden of showing that the predicate convictions fall within the cleansing period. The imposed sentence does not govern the determination of the expiration of the cleansing period. Rather, the actual discharge from supervision by the Department of Corrections controls. Thus, the commencement of the cleansing period is from the date of discharge from state supervision, because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit, or it could take place later because of parole revocation. However, if less than the cleansing period has elapsed between defendant's conviction on a predicate felony and his commission of a subsequent predicate felony, the State need not prove the date of discharge on the earlier *1013 sentence in the habitual offender proceedings.

State v. Humphrey, 694 So.2d at 1088 (citations omitted).
In the instant case, the following crimes were listed in the multiple offender Bill of Information:

Case Nos. Crimes Dates
66-F 14:62; simple burglary date of commission 10/10/79
 date of conviction 2/7/80
 date of discharge 7/17/80
313-F 14:62; simple burglary date of commission 6/5/82
 date of conviction 5/11/83
 date of discharge 6/3/85
1003-F 14:95.1; felon in possession date of commission 12/16/87
 of a firearm date of conviction 6/16/88
 date of discharge 5/18/93
23346-F 14:34.1; second degree date of commission 5/8/94
 battery date of conviction 10/6/95

This court found that defendant was improperly sentenced as a fourth felony offender, and remanded the case for resentencing. The trial court then found defendant to be a third felony offender and resentenced defendant to ten years in the Department of Corrections.[6] Defendant appeals the finding that defendant was a third felony offender. A review of the record reveals that the trial court erred by finding defendant to be a third felony offender when, in fact, he should have been adjudicated a second felony offender.
Defendant's June 16, 1988 conviction for being a felon in possession of a firearm and his May 11, 1983 conviction for simple burglary cannot both be used for purposes of enhancing the sentence for a subsequent conviction. See State v. Bailey, 97-493 (La.App. 5 Cir.11/12/97), 703 So.2d 1325, 1331 (during an error patent review, this court held that "[i]f a felon in possession of a firearm conviction is used to enhance a subsequent conviction, the underlying felony used as an element of the firearm conviction may not be used in the multiple bill, as this constitutes double enhancement"); State v. Moten, 619 So.2d 683, 685 (La. App. 4 Cir.1993) ("[a] felon in possession of a firearm conviction may be used to enhance the penalty for a subsequent conviction only if the underlying felony used as an element of the firearm conviction is not also used in the same multiple bill"); State v. Hymes, 513 So.2d 371, 373 (La.App. 4 Cir.1987) ("a 14:95.1 conviction may be used to enhance the penalty for a subsequent conviction only if the underlying felony used as an element of the firearm conviction is not also used in the same multiple bill"). Therefore, this court was correct in finding that defendant was improperly sentenced as a fourth felony offender.
However, on remand, the trial court erroneously used the 1983 conviction for simple burglary to find that each of the four convictions fell within the five-year cleansing period. Because the 1983 conviction for simple burglary was used as an element of the firearm conviction and the firearm conviction was used for enhancement purposes, the 1983 conviction for *1014 simple burglary may not be used in the multiple bill. Bailey, supra. On the other hand, the State could use the 1983 conviction for simple burglary if it chose not to use the firearm conviction in the multiple bill. However, without the firearm conviction, the five-year cleansing period would not be satisfied since more than five years have elapsed between the date of conviction, May 11, 1983 or the date of discharge, June 3, 1985, and the date of commission of the instant offense, second degree battery, May 8, 1994.
Defendant was first convicted of simple burglary in 1980. Because more than five years passed between that conviction (or date of discharge) and the 1987 commission of the crime of being a felon in possession of a firearm, the 1980 simple burglary conviction cannot be used as a predicate offense. However, a review of the record reveals that the firearm conviction can be used to find that defendant was a second felony offender. Defendant's firearm conviction was in 1988, and he committed the second degree battery in 1994. Because more than five years have elapsed, this court can look to the date of discharge, May 18, 1993. Because less than five years elapsed between the date of discharge and the date of commission of the second degree battery, May 8, 1994, the firearm conviction can be used to find defendant to be a second felony offender.
Based on the foregoing, we are required to set aside defendant's adjudication as third offender. We hereby enter judgment adjudicating the defendant a second felony offender, and remand to the trial court for resentencing. See State v. Dickerson, 33,474 (La.App. 2 Cir. 5/10/00), 760 So.2d 573.

SUPPLEMENTAL ASSIGNMENT OF ERROR NUMBER ONE (PRO SE)
Defendant argues that a new Bill of Information must be filed before imposing sentence, citing State v. Bailey, supra. We find, however, that under State v. Dickerson, supra, this court may set aside the incorrect adjudication, enter judgment with the correct adjudication, and remand for resentencing, without the necessity of the State filing a new Bill of Information.

ASSIGNMENT OF ERROR NUMBER TWO
The record was reviewed for errors patent, according to LSA C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
This court notes that upon imposing the defendant's enhanced sentence, the trial judge did not advise the defendant of the prescriptive period for post-conviction relief as mandated by LSA-C.Cr.P. art. 930.8(C). LSA-C.Cr.P. art. 930.8 provides that a defendant has two years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the two-year prescriptive period at the time of sentencing. After resentencing the defendant, the trial judge should (1) inform the appellant of the provisions of this article by sending appropriate written notice to him within ten days of this court's opinion and (2) file written proof that the appellant received such notice, as was done in State v. Bates, 96-9 (La.App. 5 Cir. 4/16/96), 673 So.2d 1085.
Accordingly, we set aside defendant's adjudication as a third felony offender, enter judgment adjudicating the defendant a second felony offender, and remand to the trial court for resentencing.
THIRD FELONY OFFENDER ADJUDICATION SET ASIDE; ADJUDICATION AS A SECOND OFFENDER *1015 ENTERED; REMANDED FOR RESENTENCING
NOTES
[1] State v. Fletcher, 97-KA-40 (La.App. 5 Cir. 6/30/97), 698 So.2d 75.
[2] State v. Fletcher, 99-KA-56 (La.App. 5 Cir. 6/23/99).
[3] Due to the fact that the instant appeal involves only the proceedings following remand, this appeal will not reiterate the substantive facts of the case.
[4] State v. Smith, 00-19 (La.App. 5 Cir.2000), WL 579884, pp. 2-3; State v. Humphrey, 96-838 (La.App. 5 Cir. 4/29/97), 694 So.2d 1082, writ denied, 97-1461 (La.11/7/97), 703 So.2d 35.
[5] In 1994, the cleansing period in LSA-R.S. 15:529.1 was changed from five to seven years, and the effective date of the change was August 27, 1994. Because defendant committed the instant offense before the effective date of the change, the five-year cleansing period applies to defendant's case.
[6] The trial court did not specify which conviction the State did not prove.