943 So.2d 389 (2006)
STATE of Louisiana
v.
Wesley DICK.
No. 2006 KW 1381.
Court of Appeal of Louisiana, First Circuit.
July 20, 2006.
Rehearing Denied August 10, 2006.
*390 Before: PARRO, PETTIGREW and GAIDRY, JJ.
WRIT GRANTED. Defendant was found guilty of distribution of heroin for an offense committed in May 1999. The trial court sentenced him to life imprisonment at hard labor without benefit of probation or suspension of sentence. See La. R.S. 40:966(B)(1) (prior to amendment by 2001 La. Acts No. 403, § 4). This Court affirmed the conviction and sentence. State v. Dick, XXXX-XXXX (La.App. 1st Cir.2/15/02), 812 So.2d 152 (unpublished), writ denied, XXXX-XXXX (La.11/8/02), 828 So.2d 1109. In response to defendant's motions to correct illegal sentence, the trial court vacated the sentence and sentenced defendant to ten years in the Department of Public Safety and Corrections. The state filed a motion to correct illegal sentence, which the trial court denied.
The general rule is that the penalty in effect at the time of the commission of the offense is the applicable provision. State v. Sugasti, XXXX-XXXX (La.6/21/02), 820 So.2d 518, 520. La. R.S. 15:308, as enacted by Act 45 of 2006, did not provide authority for the trial court to vacate defendant's sentence. As originally proposed in Senate Bill 126 of 2006, the provision authorized an eligible person to file a motion for reconsideration, amendment, or modification of sentence and authorized the sentencing court to grant such a motion and to impose a more lenient sentence pursuant to Act 403 of 2001. However, those provisions were removed in committee amendments, and the final version of Act 45 authorizes eligible persons to apply to the Louisiana Risk Review Panel. See La. R.S. 15:308 & 15:574.22.
Accordingly, the trial court's ruling granting defendant's motions to correct illegal sentence and denying the state's motion to correct illegal sentence are reversed, the ten-year sentence imposed on July 10, 2006 is vacated, the original sentence of life imprisonment at hard labor without benefit of probation or suspension of sentence is reinstated, and this matter is remanded to the trial court for execution of the sentence.