943 So.2d 544 (2006)
STATE of Louisiana, Appellee
v.
Alexander SURRY, Jr., Appellant.
No. 41,909-KH.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2006.
Alexander Surry, Pro Se Petitioner.
Paul J. Carmouche, District Attorney, for Appellee.
Before BROWN, MOORE and LOLLEY, JJ.
WRIT DENIED.
Applicant, Alexander Surry, seeks review of a district court judgment denying Surry's motion requesting a retroactive application of La. R.S. 15:308, and requesting resentencing under retroactive application of Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature.
After reviewing the newly enacted provisions of La. R.S. 15:308, we conclude that those provisions only entitle eligible persons to apply to the Louisiana Risk Review Panel pursuant to La. R.S. 15:574.22. The new provisions do not give such persons the right to file a motion in the sentencing court for amendment, modification, or reconsideration of their sentence. Although provisions allowing the filing of such a motion in the sentencing court were originally included in Senate Bill No. 126 of the 2006 regular session, those provisions were deleted and replaced with the provisions of La. R.S. 15:308(C) which entitle such persons to apply to the Louisiana Risk Review Panel instead. Accordingly, we agree with the First Circuit Court of Appeal's opinion in State v. Dick, XXXX-XXXX (La.App. *545 1st Cir.7/20/06), 943 So.2d 389, 2006 WL 2023864, writ granted 2006-KP-2223 (La.09/29/06), 937 So.2d 848, holding that a motion to correct an illegal sentence is not a proper vehicle for seeking the sentencing benefits provided in R.S. 15:308.
For these reasons, the writ application is hereby denied.