# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2010

No. 08-31054
Summary Calendar

Lyle W. Cayce
Clerk

WESLEY DICK

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-1467

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Wesley Dick was denied relief under 28 U.S.C. § 2254.  On appeal, we conclude that his application is moot.  Therefore, we DISMISS.

In 2001, Wesley Dick, former Louisiana prisoner # 208490, was sentenced to life imprisonment without benefit of probation or suspension of sentence, the then-mandatory sentence for heroin distribution.  Subsequently, the Louisiana legislature retroactively reduced the penalty for heroin distribution to a term of five to fifty years.  *See* La. Rev. Stat. Ann. §§ 15:308, 40:966(B)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2006, while Dick's Section 2254 petition was pending, a state trial court vacated his life sentence. He was then sentenced to ten years of imprisonment with credit for time served, resulting in his release. However, a state appellate court vacated that new sentence and reimposed the life sentence. *State v. Dick*, 943 So. 2d 389, 390 (La. App. 1 Cir. 2006). The Louisiana Supreme Court affirmed the reimposed life sentence. *State v. Dick*, 951 So. 2d 124, 129-33 (La. 2007).

The district court denied Dick leave to supplement his arguments with state law challenges to the reimposed life sentence, then dismissed Dick's Section 2254 application. We granted a certificate of appealability ("COA") on whether "the district court erred in denying relief on Dick's claim that his sentence was excessive under the Eighth Amendment and [whether] the district court abused its discretion in denying his motion to supplement his § 2254 application."

The parties have notified the court that the Governor of Louisiana commuted Dick's life sentence to ten years under Section 15:308(C). Dick was released on parole in July 2009. The State asserts the appeal is now moot.

Because Dick was in state custody when he filed his application, he satisfied the "in custody" requirement of Section 2254. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); 28 U.S.C. § 2254(a). A live case or controversy must continue throughout the litigation. *See Spencer*, 523 U.S. at 7. Whether an appeal is moot due to the lack of a case or controversy is a jurisdictional question. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

The COA only permits Dick to pursue the arguments that his life sentence was excessive and that the record should be supplemented. Dick's life sentence was commuted to ten years, and he is thus no longer serving either the original life sentence imposed in 2001 or the life sentence reimposed in 2006. The life sentence no longer exists. Supplementing the record to provide evidence regarding the sentence serves no purpose. The case or controversy for which we

2

granted a COA is at an end. *See id.* (holding that appeal was moot where the main goal of the habeas petition was release from prison).

Dick suggests that the appeal is not moot because he is still on probation. That is true, but Dick has offered no challenge to his current sentence or parole term. Because the only sentence being challenged on appeal has been commuted and a new sentence exists, the appeal is DISMISSED AS MOOT.