NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-53

STATE OF LOUISIANA

VERSUS

DARRYL JAMES THERIOT

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 100822
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

Michael Harson
District Attorney - 15th JDC
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
     State of Louisiana

John Kevin Stockstill
Attorney at Law
102 Versailles Blvd., Suite 310
Lafayette, LA 70501
(337) 262-0203
COUNSEL FOR APPELLANT:
     Darryl James Theriot

**Peters, Judge.**

On March 28, 2006, Defendant Darryl James Theriot pled guilty to one count each of aggravated battery, molestation of a juvenile, contributing to the delinquency of a minor, and indecent behavior with a juvenile. His sentences included five-year terms of probation for each count; the terms were to run concurrently for the first two counts, but they were to run consecutively to the last two counts. The terms for the last two counts were also to run consecutively to each other. In response to queries by Defendant's counsel in 2012, the Department of Corrections sought clarification of the total length of time Defendant was to serve probation. The trial court conducted a hearing on the matter on October 15, 2012 (the brief mistakenly refers to October 17) and ruled that the total probation obligation was contained in the original plea agreement. The prosecutor stated and defense counsel appeared to agree that the original plea agreement called for fifteen years of probation.

Subsequently, Defendant filed a motion for appeal which the trial court granted on November 19, 2012. On January 22, 2013, this court issued a rule to show cause why the appeal should not be dismissed as non-appealable pursuant to La.Code Crim.P. art. 912.1. Defendant has filed a brief with this court arguing that the case is appealable because he is alleging the sentence is illegal. Contrary to Defendant's assertions, this issue was barely mentioned in the hearing below. However, an allegation that a sentence is illegal can be raised at any time. La.Code Crim.P. art. 882(A).

For support, Defendant cites *State v. Glantz*, 253 La. 883, 220 So.2d 711 (La.1969). However, we note that case is rather old; for example, it cites a provision from the state constitution of 1921, which was in force at that time. More recent jurisprudence has stated:

The State appeals the trial court's denial of its motion to correct an illegal sentence. However, courts have held that the denial of a motion to correct an illegal sentence is not an appealable judgment. *State v. Hutchinson*, 99-0034 (La.App. 4 Cir. 5/17/00); 764 So.2d 1139, 1140-41, *writ granted*, 00-1767 (La.8/31/00); 766 So.2d 1267, [*affirmed in State ex rel Olivieri*, 00-172 (La. 2/21/01), 779 So.2d 735], *cert. denied*, *Hutchinson v. Louisiana*, 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001); *State v. Benoit*, 446 So.2d 921, 922-923 (La.App. 1 Cir.1984), *writ denied*, 448 So.2d 113 (La.1984). Rather, review of such a ruling is conducted via a supervisory writ application. *See*, *State v. Reed*, 11-1026 (La.App. 4 Cir. 11/30/11); 79 So.3d 492, 495; *State v. Dick*, 06-1381 (La.App. 1 Cir. 7/20/06); 943 So.2d 389, 390, *writ granted*, 06-2223 (La.9/29/06); 937 So.2d 848 and *affirmed*, 06-2223 (La.1/26/07); 951 So.2d 124.

*State v. Schwartz*, 12-183, p. 3 (La.App. 5 Cir. 10/16/12), 102 So.3d 991, 992-93.

The article addressing illegal sentence claims is La.Code Crim.P. art. 882, which states:

> A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
>
> B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
>
> > (1) In an appealable case by appeal; or
> >
> > (2) In an unappealable case by writs of certiorari and prohibition.
>
> C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.

Reading this language together with the recent jurisprudence, we find that an illegal-sentence claim is not appealable as a stand-alone issue. Therefore, the appeal in the above-captioned matter is hereby dismissed. Darryl James Theriot, Defendant-Appellant, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby

2

construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**