| í WRIT GRANTED; AFFIRMED.
Applicant Warren Dickerson seeks supervisory review of the denial of his appli *480 cation to amend his sentence to conform with La. R.S. 15:308.
We conclude that La. R.S. 15:308 does not afford the applicant a remedy enforceable through the judicial system. Accordingly, we affirm the decision of the district court.
Dickerson is serving a sentence of life imprisonment at hard labor without benefit of parole, by virtue of his adjudication as a third-felony habitual offender. State v. Dickerson, 34,612 (La.App.2d Cir.7/11/01), 792 So.2d 78, writ denied, 2001-2406 (La.8/30/02), 823 So.2d 937.
His sentence was prescribed by the habitual offender law in effect in 1996, the year of his last felony offense.
lüAt that time, La. R.S. 15:529.1(A)(l)(b)(ii) then required a life sentence when any one of the offender’s three previous felony convictions:
• was defined in La. R.S. 14:2(13) as a crime of violence; or
• was a violation of the Controlled Dangerous Substances Law punishable by imprisonment for more than five years; or
• was any other crime punishable by imprisonment for more than 12 years.
Today’s analogous provision of the habitual offender law, La. R.S. 15:529.1(A)(3)(b), mandates a life sentence without parole only for situations where all three prior felony convictions fall into at least one of these categories:
• any crime of violence, as defined under La. R.S. 14:2(B);
• a sex offense, as defined under La. R.S. 15:540, et seq., when the victim is under the age of 18 at the time of the crime;
• a drug offense punishable by 10 years or more; or
• any other conviction punishable by imprisonment for 12 years or more.
Since one of Dickerson’s prior felony offenses, illegal possession of stolen things, does not fit into any of these listed categories, he would not have been subject to a life without parole sentence had his latest felony offense been committed under present law.
This change in La. R.S. 15:529.1 alone provides applicant no relief.
As the supreme court explained in State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518:
This court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Wright, 384 So.2d 399, 401 (La.1980). A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense. State v. Narcisse, 426 So.2d 118, 130-131 (La.1983). “The mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute.” Id. *
Nonetheless, applicant urges that he is entitled to be resentenced under the present habitual offender law by operation of La. R.S. 15:308. That statute provides:
| sA. (1) The legislature hereby declares that the provisions of Act No. 403 of the 2001 Regular Session of the Legislature provided for more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively.
[[Image here]]
B. In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of *481 the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: R.S. 14:56.2(D), 62.1(B) and (C), 69.1(B)(2), 70.1(B), 82(D), 91.7(C), 92.2(B), 92.3(C), 106(G)(2)(a) and (8), 106.1(C)(2), 119(D), 119.1(D), 122.1(D), 123(C)(1) and (2), 352, and 402.1(B), R.S. 15:529.1(A)(l)(b)(ii) and (c)(ii), 1303(B), and 1304(B), R.S. 27:262(C), (D), and (E), 309(C), and 375(C), R.S. 40:966(B), (C)(1), (D), (E), (F) and (G), 967(B)(1), (2), (3), and (4)(a) and (b), and (F)(1), (2), and (3), 979(A), 981, 981.1, 981.2(B) and (C), and 981.3(A)(1) and (E), and Code of Criminal Procedure Art. 893(A) prior to June 15, 2001, provided that such application ameliorates the person’s circumstances.
C. Repealed by Acts 2012, No. 123, § 1.
(Emphasis added.)
La. R.S. 15:308(C), which was repealed by Acts 2012, No. 123, provided the statutory authority for inmates to seek modification of their sentences by application to the Louisiana Risk Review Panel, a division of the Louisiana Department of Public Safety, an agency of the executive branch of state government. The Louisiana Risk Review Panel had the authority to recommend clemency to the Board of Pardons or parole to the Board of Parole.
The review and recommendation functions of the Louisiana Risk Review Panel were inextricably tied to the ameliorative relief authorized in La. R.S. 15:308(A) and (B).
As originally proposed, La. R.S. 15:308(C) allowed an inmate to seek review of his sentence in the sentencing court. However, the legislature did not enact that proposal; instead, it created the Louisiana Risk Review Panel within the executive branch as the sole means of implementing the relief embodied in La. R.S. 15:308(A) and (B). State v. Dick, 2006-2223 (La.1/26/07), 951 So.2d 124. See also State v. Surry, 41,909 (La.App.2d Cir.10/26/06), 943 So.2d 544, writ denied, 2006-2891 (La.9/21/2007), 964 So.2d 329. The reduction of a final sentence is the equivalent of commutation, which is a power constitutionally reserved solely to the executive branch of state government. Dick, supra. Thus, the provisions of La. R.S. 15:308 do not render any inmate’s sentence illegal within the meaning of La. C. Cr. P. arts. 881.5 or 882.
|4In accordance with the principles announced in State v. Dick, supra, we conclude that the legislature’s choice to delete the statutory authority for the Louisiana Risk Review Panel cannot and does not empower the judiciary with the authority to commute or otherwise reduce a final sentence. Because that authority, is reserved by the constitution solely for the executive branch, the repeal of La. R.S. 15:308(C) does not provide the applicant and others similarly situated with a remedy enforceable in the judicial branch of government.
Accordingly, this Court grants this application for supervisory review and affirms the denial of the applicant’s motion to amend his sentence.[1]

. We note that two of our sister circuits have considered this perplexing issue, with oppo *482 site results. Both decisions were unanimous. Ray Hollins v. N. Burl Cain, Warden, 12-KH-940 (La.App. 5th Cir.2/14/2013) (unpublished writ disposition); and State v. Hollis, 2013-KW-0646 (La.App. 1st Cir.5/21/2013) (unpublished writ disposition).