Judgment rendered June 28, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,088-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

WARREN L. DICKERSON                         Appellant

* * * * *

Appealed from the
Caddo Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 179,306

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Edward K. Bauman

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and ROBINSON, JJ.

**THOMPSON, J.**

The defendant, Warren Dickerson, was convicted of attempted armed robbery, adjudicated a habitual offender and, after a series of appeals and remands, was sentenced to 62 years at hard labor, without benefit of probation or suspension of sentence, but the trial judge included language the sentence was to be served with the possibility of parole and with credit for time served. Dickerson appeals, asserting the sentence of 62 years is excessive. For the following reasons, Dickerson's sentence is affirmed.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of January 17, 1996, Shreveport Police Officer Thomas Morgan stopped at the Circle K convenience store on W. 70th Street in Shreveport, Louisiana. Officer Morgan testified that when he arrived in his marked police unit, he observed a black male standing with a pistol in his right hand pointed at the Circle K attendant. Officer Morgan testified the individual dropped the gun and attempted to flee. Officer Morgan ran after him and apprehended him not far from the store. The suspect was identified as Warren Dickerson.

On March 11, 1996, Dickerson was originally charged with two counts of attempted armed robbery and possession of a firearm by a convicted felon. On April 21, 1999, Dickerson's jury trial on the amended single charge of attempted armed robbery began. After two days of trial, Dickerson was found guilty as charged by a unanimous jury of one count of attempted armed robbery. The state then charged Dickerson as a fourth felony habitual offender, pursuant to La. R.S. 15:529.1. Following a habitual offender hearing, Dickerson was adjudicated a fourth felony habitual offender and sentenced to the mandatory life imprisonment at hard

labor, without benefits. The Louisiana Appellate Project was appointed to represent Dickerson in the appeal of his conviction and sentence. *State v. Dickerson,* 33,474 (La. App. 2 Cir. 5/10/00), 760 So. 2d 573.

On Dickerson's first appeal in 2000, this Court found that the State failed to meet its burden of proof on the habitual offender adjudication regarding Dickerson's 1983 manslaughter conviction. This Court affirmed Dickerson's conviction of attempted armed robbery, but set aside his <u>fourth</u> felony habitual offender status and adjudicated Dickerson a <u>third</u> felony offender. His two predicate offenses included a 1987 simply robbery (a crime of violence), and a 1994 illegal possession of stolen things. The matter was remanded for resentencing.

On remand, the trial court sentenced Dickerson as a third felony offender to life at hard labor without benefit of parole, probation, or suspension of sentence, as was then mandated by La. R.S. 15:529.1(A)(1)(b)(ii). In 2001, on his second appeal, this Court rejected Dickerson's excessive sentence claim and affirmed the then mandatory life sentence. *State v. Dickerson*, 34,615 (La. App. 2 Cir. 7/11/01), 792 So. 2d 78, *writ denied*, 01-2406 (La. 8/30/02), 823 So. 2d 937.

Seventeen years elapsed between Dickerson's second appeal and initiation of the proceedings presently before this court. During that time, there were modifications to the habitual offender law by the Louisiana legislature, as well as declarations by the Louisiana Supreme Court on the retroactivity of those modifications.[1]

---

[1] As a result of these changes, as addressed in greater detail in the body of the opinion, certain defendants who were convicted of crimes and received enhanced sentences prior to 2001 became eligible for resentencing under the new ameliorative sentencing provisions.

On June 28, 2018, Dickerson filed a motion to correct illegal sentence pursuant to *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So. 3d 233. Dickerson was entitled to resentencing under the more lenient penalty provisions that were enacted by the legislature in 2001 La. Acts 403, which the legislature later declared in La. R.S. 15:308(B) apply retroactively.

Pursuant to La. R.S. 15:529.1(A)(1)(b)(i), as amended in 2001, a third-felony offender shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. La. R.S. 15:529.1(A)(1)(b)(ii) no longer authorized a life sentence for a third-felony offender unless the third felony and the two prior felonies were either (1) felonies defined as a crime of violence under La. R.S. 14:2(13); (2) a sex offense as defined in La. R.S. 15:540 *et seq.* when the victim is under the age of 18 at the time of the offense; or (3) as a violation of the Uniform Controlled Dangerous Substance Law punishable for 10 years or more or any other crime punishable by imprisonment for 12 years or more. However, the pre-2001 version required imposition of a life sentence for a third-felony offender if the third felony or any of the prior felony offenses fell into the categories listed above.

As noted above, only one of Dickerson's two prior felonies are defined as crimes of violence. As such, he is eligible for resentencing under the new ameliorative sentencing provisions, pursuant to *Esteen, supra.* On August 6, 2018, the trial court signed an order granting the motion to correct illegal sentence, appointing the public defenders' office to represent Dickerson during the resentencing proceedings.

La. R.S. 15:529.1(G) states that any sentence imposed under the habitual offender provisions shall be at hard labor without benefit of probation or suspension of sentence. The language is silent to parole eligibility. Parole eligibility under the habitual offender enhanced sentencing is determined by whether the prohibitive condition was imposed under the underlying offense. The current jurisprudence provides the imposition of a habitual offender sentence without benefit of parole are determined by the sentencing provisions for the underlying offense. *State v. Sullivan,* 51,180 (La. App. 2 Cir. 2/15/17), 216 So.3d 175; *State v. Hopkins*, 52,660 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1226, *writ denied,* 19-00841 (La. 9/24/19), 278 So. 3d 978

By operation of the attempt statute, La. R.S. 14:27, the sentencing range for certain enumerated crimes prosecuted as an "attempted" crime, is one-half of the longest term of imprisonment for the crime. Therefore, on resentencing for attempted armed robbery, Dickerson's potential penalty would not exceed one-half the longest term of imprisonment prescribed for the offense of armed robbery. The longest term of imprisonment for armed robbery is 99 years at hard labor, without benefits. Thus, the attempted armed robbery carried a maximum penalty of 49½ years at hard labor. On his second resentencing as a third felony offender under the new ameliorative sentencing provisions, Dickerson faced a penalty range of not less than half of the maximum penalty for attempted armed robbery and up to twice the maximum penalty – 24 ¾ to 99 years.

On March 2, 2022, following several virtual proceedings with Dickerson participating by video conferencing from Louisiana State Penitentiary ("Angola"), and delays certainly attributable to the Covid-19

4

pandemic, Dickerson appeared via Zoom for resentencing by the trial court. The State noted that three exhibits had been submitted by defense counsel: records of program certificates from Angola, letters from Dickerson's family, and medical records. The trial court provided "[b]ased on the totality of everything that's been submitted," that Dickerson was resentenced to 62 years at hard labor, without benefit of probation or suspension of sentence, but with the possibility of parole and with credit for time served. Dickerson did not file a motion to reconsider his sentence. However, on March 7, 2022, Dickerson filed a motion to reschedule his resentencing, claiming that the audio during his Zoom hearing was of poor quality. The trial court denied the motion to reschedule resentencing. Dickerson now appeals.

## DISCUSSION

Dickerson asserts one assignment of error, arguing that his midrange sentence of 62 years is excessive.

**Assignment of Error No. 1: The trial court erred in imposing a constitutionally excessive sentence upon resentencing. The court also erred in failing to properly consider art. 894.1, and in not taking into account Dickerson's age (60), and poor health, before imposing sentence.**

Dickerson argues that the trial court failed to consider his age, poor health, or any of the factors listen in La. C. Cr. P. art. 894.1, before resentencing him to 62 years at hard labor.

When a defendant fails to make a motion to reconsider sentence, the appellate court's review of the sentence is limited to a bare claim of constitutional excessiveness. *State v. Benson*, 53,578 (La. App. 2 Cir. 11/10/2020), 305 So. 3d 135. In this case, Dickerson did not object or make an oral motion to reconsider sentence at the sentencing hearing, nor did he

5

file a written motion to reconsider sentence. Therefore, he did not preserve whether the trial court complied with La. C. Cr. P. art. 894.1, including whether his age and illness were mitigating factors, and is precluded from raising it on appeal. Accordingly, our review is limited to whether or not Dickerson's sentence is constitutionally excessive. *State v. Cooksey*, 53,660 (La. App. 2 Cir. 5/26/21), 316 So. 3d 1284.

A sentence can be constitutionally excessive, even when it falls within statutory limits if: (1) the punishment is so grossly disproportionate to the severity of the crime that, when viewed in light of the harm done to society, it shocks the sense of justice; or (2) it serves no purpose other than to needlessly inflict pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). The circumstances of the case and the background of the defendant are relevant in making this determination. *State v. Sharkey*, 602 So. 2d 249 (La. App. 2 Cir. 1992). The sentencing judge may consider whatever facts and evidence he or she considers important in determining the best interest of the public and the defendant. *Id.; State v. Cooksey, supra.*

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Allen, supra*. On review, an appellate court does not determine whether another sentence may have been

6

more appropriate, but whether the trial court abused its discretion. *State v. Jackson*, 48,534 (La. App. 2 Cir. 1/15/14), 130 So. 3d 993.

Dickerson was originally convicted on April 22, 1999. On September 2, 1999, Judge Ramona Emanuel ("Judge Emanuel") sentenced Dickerson as a fourth felony habitual offender. Upon this court's remand for resentencing as a third felony habitual offender, Judge Emanuel again resentenced Dickerson on July 21, 2000. It was the same Judge Emanuel who, on March 30, 2022, signed a ruling sentencing Dickerson to the 62-year sentence which he now appeals. This is not a situation where there has been a change of judges or where the sentencing judge is challenged to come up with a sentence without the benefit of active involvement and familiarity with the defendant and the conviction. We find that Dickerson's sentence is not unconstitutionally excessive.

As a habitual offender with a crime of violence, Dickerson's incarceration exposure was between 23 ¾ and 99 years. The midrange sentence of 62 years as a third felony habitual offender for attempted armed robbery does not shock the sense of justice. Additionally, Dickerson's extensive criminal history was relevant to the trial court's determination of his new sentence. Further, Dickerson's age and poor health cannot be considered on review of his sentence on a bare claim of constitutional excessiveness. Dickerson has failed to show that the trial court's imposition of a midrange sentence constitutes an abuse of discretion. This assignment of error is without merit.

### Errors Patent

Dickerson was convicted of attempted armed robbery, pursuant to La. R.S. 14:27 and La. R.S. 14:64. La. R.S. 14:64(B) provides that whoever

7

commits the crime of armed robbery shall be imprisoned at hard labor without benefit of parole, probation, or suspension of sentence. As noted herein, the pertinent portion of the habitual offender law, La. R.S. 15:529.1(G), states that any sentence imposed under the habitual offender provisions shall be at hard labor without benefit of probation or suspension of sentence. Regarding the imposition of a habitual offender sentence without benefit of *parole*, the conditions imposed on the sentence are determined by the sentencing provisions for the underlying offense. Further, the attempt statute, La. R.S. 14:27(D)(3), applies to the punishment for attempted armed robbery and provides that the defendant shall be punished in the same manner as for the offense attempted. For the offense of attempted armed robbery, the benefit of parole is not available.

A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790; *State v. Burns*, 53,250 (La. App. 2 Cir. 1/15/20), 290 So. 3d 721. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *Burns*, *supra.*

In the present matter, the trial court sentenced Dickerson to serve 62 years at hard labor, without benefit of probation of suspension of sentence, but with the possibility of parole. When a trial court fails to apply the correct restriction of benefits, and there is no discretion regarding the restriction of benefits, the error is harmless and self-correcting, and the sentence will be automatically served without benefits, as provided in the

8

sentencing statute.  La. R.S. 15:301.1(A); *State v. Yetman*, 54,883 (La. App. 2 Cir. 1/11/23), 354 So. 3d 1262.

## CONCLUSION

For the foregoing reasons, Dickerson's sentence of 62 years, without the benefits of probation, parole or suspension of sentence, is affirmed.

**AFFIRMED.**